ARTHUR CURTISS JAMES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18395. Promulgated November 23, 1934.

*Robert E. Coulson*, Esq., *Oscar W. Underwood, Jr.*, Esq., and *H. C. Kilpatrick*, Esq., for the petitioner.
*Mason B. Leming*, Esq., for the respondent.

OPINION.

BLACK: In his determination of the deficiency, respondent allowed petitioner a deduction of $618,161.24 as contributions made to religious, charitable, and educational institutions. Petitioner in his return had claimed a deduction of $703,442.37 for this purpose. At the

hearing, petitioner announced his acceptance of respondent's adjustment of this item. The agreement of the parties as to this item will be observed in a determination under Rule 50.

The same situation prevails as to the $302,750 par value Liberty bonds distributed to petitioner as a dividend January 2, 1919. Petitioner admits that this was a taxable distribution to the extent that earnings were available for its distribution, but insists that the fair market value of the bonds at the date of distribution rather than their par value should govern in determining the amount of dividend received. Respondent concedes that the fair market value of the bonds should govern rather than their par value, as used in his deficiency notice, and effect will be given to this concession in a determination under Rule 50.

We summarize below the points of law urged by the petitioner in this proceeding:

(1) The findings of fact and the determination of the Board and the Circuit Court of Appeals in the 1918 case are conclusive upon the parties hereto as to earnings and profits of the Phelps Dodge Corporation, and its distributions therefrom, during the period from February 28, 1913, to January 1, 1919, and the doctrine of estoppel by judgment applies thereto.

But if this Board shall hold to the contrary on this point, nevertheless—

(2) Such findings of fact and determination of the Board and the Circuit Court of Appeals in the 1918 case make a prima facie case as to the earnings and profits of the Phelps Dodge Corporation and its distributions therefrom during the period from February 28, 1913, to January 1, 1919, and that prima facie showing is not impaired by the proof introduced by the respondent at the hearing, as to either—

(a) The failure on the part of the Government's accountant, in preparing data used by counsel as a basis for a stipulation filed in the 1918 case, to compute such prior earnings and profits under the so-called proration rule; or

(b) The failure of the Government's accountant, in preparing such data, to include an amount representing the undistributed earnings and profits of Phelps Dodge & Co., Inc., as shown by its books of account, at the time of its dissolution, March 31, 1917; or

(c) The failure of the Government's accountant, in preparing such data, to include an amount representing the undistributed earnings and profits of the Detroit Copper Mining Co. of Arizona, Burro Mountain Copper Co., and Stag Canon Fuel Co. at the time of the transfer of their assets to the Phelps Dodge Corporation on or about March 20, 1917.

(1) From a reading of the foregoing enumeration of petitioner's contentions, it will be seen that the first issue that we have to decide is whether or not the findings of fact and the determination of the Board in the prior proceedings of *Arthur Curtiss James* v. *Commissioner*, for the year 1918, reported at 13 B. T. A. 764, affirmed by the United States Circuit Court of Appeals for the Second Circuit (reported at 49 Fed. (2d) 707), are conclusive upon the parties hereto as to earnings and profits of the Phelps Dodge Corporation and its distributions therefrom, during the period from February 28, 1913, to January 1, 1919, and the doctrine of estoppel by judgment applies thereto.

At the time of the hearing of this proceeding, the case of *Tait* v. *Western Maryland Railway Co.*, 289 U. S. 620, had not been decided and the presiding Member ruled from the bench as follows:

There can be no question, of course, that a deficiency for 1919 is a different cause of action from a deficiency for 1918; and, therefore, unless the issue was actually litigated between the same parties in the former hearing, it would not be precluded. But, at this time, I am not going to take the responsibility of ruling from the bench that this former hearing is *res judicata* as to the amount available for dividends from earnings after February 28, 1913, and prior to January 1, 1918. But the record of the prior proceeding will be admitted and then, if the respondent has other evidence, it will be received, with the right of the Board to hold that the record in the former case is *res judicata*.

At this point it would be well to emphasize that the only controversy in the instant case between petitioner and respondent is as to the amount of earnings accumulated since February 28, 1913, and on January 1, 1918, available for distribution by the Phelps Dodge Corporation. There is no dispute by the parties as to the earnings of the corporation for the years 1918 and 1919.

At page 767 of our report in *Arthur Curtiss James, supra*, affirmed in *Commissioner* v. *James, supra*, we found:

The earnings and profits accumulated since February 28, 1913, and on hand January 1, 1918, of each of the following corporations, were as follows: Phelps Dodge Corporation $838,503.14 * * *.

The above finding was based upon a stipulation of facts filed by the parties in the prior proceeding. In that proceeding respondent was contending that the earnings and profits of the subsidiaries of Phelps Dodge Corporation not paid over to the parent corporation were nevertheless available for distribution by the parent corporation within the contemplations of section 201 of the Revenue Act of 1918, and should, therefore, be added to the amount of $838,503.14, for the purpose of determining the source of the distributions there in question. That contention was decided adversely to the respondent.

The respondent now contends that he erred in the prior proceeding in stipulating the earnings and profits as being $838,503.14; that the correct amount should have been $4,549,554.62; and that this error was due (1) in part to his failure to include as a part of the earnings of the Phelps Dodge Corporation the earnings of four other corporations whose assets the Phelps Dodge Corporation acquired in March 1917, viz., Phelps Dodge & Co., Inc., Burro Mountain Copper Co., Stag Canon Fuel Co., and Detroit Copper Mining Co.; and (2) in part to the theory of prorating earnings in the years prior to the taxable year.

In our opinion the question as to the amount of earnings or profits of the Phelps Dodge Corporation accumulated since February 28, 1913, on hand and available for dividends on January 1, 1918, is no longer a question that is open to determination between respondent and this petitioner. The question was conclusively established in the prior proceeding. *Cromwell* v. *County of Sac*, 94 U. S. 351; *Southern Pacific Railroad Co.* v. *United States*, 168 U. S. 1, 48; *Tait* v. *Western Maryland Railway Co.*, *supra; Donald* v. *J. J. White Lumber Co.*, 68 Fed. (2d) 441.

In the latter case, the court succinctly stated the rule which we think governs here, in the following language:

A prior judgment is conclusive evidence as to all matters in issue and thereby determined, in a subsequent suit upon a different cause of action between the same parties or their privies.

Cf. *Portage Silica Co.*, 29 B. T. A. 881; *Wobber Bros.*, 31 B. T. A. 133; *Sand Springs Railway Co.*, 31 B. T. A. 392; *Second National Bank of Saginaw* v. *Woodworth*, 66 Fed. (2d) 170; *Edwin J. Marshall*, 29 B. T. A. 1075.

In determining what portion of the distributions received by petitioner in 1919 was distributed from " earnings or profits accumulated since February 28, 1913 " and what portion was not so distributed, the computation should start with earnings and profits accumulated since February 28, 1913, on hand and available for dividends on January 1, 1918, of $838,503.14. The earnings for 1918 and 1919 are not in dispute. Having decided in favor of petitioner on the issue of estoppel by judgment, it will be unnecessary to·discuss his alternative contentions.

Reviewed by the Board.

*Decision will be entered under Rule 50.*