**George P. LENNY, Plaintiff,**

v.

**Parker C. WILLIAMS, Director of Internal Revenue, Defendant.**

**Civ. A. No. 30672.**

United States District Court
N. D. Ohio, E. D.
July 20, 1956.

**30**

George D. Lewis, Warren, Ohio, for plaintiff.

Sumner Canary, U. S. Dist. Atty., Cleveland, Ohio, H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Frederic G. Rita, Sp. Assts. to the Atty. Gen., for defendant.

WEICK, District Judge.

This action is one for injunction brought by a taxpayer against the Director of Internal Revenue to restrain the collection of income taxes and interest claimed by the Director to be due for the taxable year 1943.

In his complaint, the taxpayer alleged that in 1949, the Commissioner of Internal Revenue determined income tax deficiencies against him, together with 50% penalty, for the taxable years 1942, 1943, 1944, 1945 and 1946; that he filed a petition in the Tax Court of the United States to appeal therefrom, which was docketed in said Court as George P. Lenny, Petitioner, against Commissioner of Internal Revenue, Case No. 33110; that thereafter numerous conferences were held between plaintiff and the representatives of the Commissioner which resulted in a settlement between the parties and pursuant thereto a stipulation was signed by counsel for the parties and filed in the Tax Court which set forth the deficiencies of income tax and penalty which had been agreed upon by the parties in said settlement; that the Tax Court on February 13, 1953 pursuant to said stipulation entered its decision adopting the deficiencies set forth in the stipulation; that no appeal was prosecuted from the decision of the Tax Court and it became final; that the Commissioner then assessed deficiencies and penalty against plaintiff in conformity with the Tax Court decision which included unpaid income taxes of $1,006.11 and interest of $545.28 for the taxable year 1943; that the defendant billed plaintiff for said assessment and plaintiff paid the same in full on May 13, 1953.

The complaint further alleges "that all of said deficiencies, penalty deficiencies and interest as found by the Tax Court have been paid." Par. 6 of complaint.

These allegations were, in substance, set forth in paragraphs 1 to 6 inclusive of the complaint and were admitted to be true by defendant in its answer.

The complaint further alleges, that after the taxpayer had paid the taxes

agreed upon in said settlement and decision of the Tax Court, the Commissioner then undertook to bill him for income taxes for the year 1943 amounting to $2,343.48, which were in addition to the amounts agreed upon in said settlement and decision; that, upon his refusal to pay, the defendant threatened to and will unless enjoined by the Court collect said taxes from him by distraint and that he has no adequate remedy at law.

The prayer of the complaint is for an injunction restraining the defendant from collecting any tax deficiencies for the year 1943 in excess of the sums agreed upon in the stipulation and decision of the Tax Court.

The defendant denies the allegations of paragraphs 7, 8 and 9 of the complaint; he claims there is a balance owing to him of $1,274.32 on the original 1943 income tax return and interest for 10 years at 6% amounting to $1,069.16 or a total of $2,343.48; that the stipulation and decision of the Tax Court related only to deficiencies and the taxes he is now claiming were not deficiencies and were not involved in the settlement or the Tax Court decision.

The defendant also claims that the Court is prohibited by law from enjoining collection of the taxes in question citing the provisions of Section 3653(a) of the 1939 Internal Revenue Code, as amended, 26 U.S.C.A.

"(a) Tax. Except as provided in sections 272(a), 871(a) and 1012 (a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court. * * * "

In the petition filed by the taxpayer in the Tax Court, he claimed that the Commissioner's findings of fact were not supported by evidence; that the statute of limitations barred part of the claim for taxes; that there was no fraud on the part of the taxpayer. He prayed that the findings of the Commissioner be disallowed and that the Court "(5) Redetermine the petitioner's tax liability for the years 1943, 1944, 1945 and 1946.

(6) Grant such other and affirmative relief as the court shall deem proper." Deft's Ex. No. 3.

After the filing of the petition in the Tax Court, the taxpayer or his attorneys, over a period of time, had a number of conferences relative to settlement with representatives of the Cleveland District of the Appellate Division.

There were some 128 issues involved in the Internal Revenue agent's report which were discussed.

The original income tax return for 1943 Deft's Ex. No. 1, showed an unpaid balance of income tax amounting to $10,734.37.

The following payments had been made by the taxpayer:

| Date | Amount of Payment |
|---|---|
| 5–26–44 | $1,000 |
| 1– 8–45 | 5,000 |
| 8– 1–45 | 107.34 |
| 5–21–45 | 3,460.05 |
| Total | $9,567.39 |

On December 27, 1944 the taxpayer filed with defendant an amended income tax return for the year 1943 showing an unpaid balance of income tax of $9,460.-05.

On the face of the amended return was the following legend placed thereon by defendant:

| Amended Return | |
|---|---|
| Original Account No. | 301429–44 |
| Tax Original Return | $10,734.37 |
| Tax Amended Return | 9,460.05 |
| Overassessed | $ 1,274.32 |
| x x x x x | |

Thus on the basis of the original return there appears to be a balance of $1,274.32 of taxes owing, but on the basis of the amended return it appears that the taxpayer was overassessed by $1,274.-32.

Both the original and the amended 1943 income tax returns were in the custody and possession of the Appellate Division and before it at all times during the conferences.

After extensive negotiations, a settlement proposal of the taxpayer's income tax liability for the taxable years in question was made by the taxpayer. It was transmitted in writing by the Appellate Division to Appellate counsel. Deft's Ex. No. 6. It contained the computations of

| Year | Kind of Tax |
| --- | --- |
| 1942 | Income |
| 1943 | Income |
| 1944 | Income |
| 1945 | Income |
| 1946 | Income |

"In the stipulation to be filed with the Tax Court the following deficiencies and penalties are set out:

| Year | Deficiency | 50% Penalty |
| --- | --- | --- |
| 1942 | $4,592.34 | $5,631.86 |
| 1943 | 1,006.11 | None |
| 1944 | 1,901.10 | None |
| 1945 | 5,639.31 | None |
| 1946 | 433.25 | None |
| | $13,892.11 | $5,631.86 |

"(A payment of $7,500.00 has been applied against the deficiency due for 1942.)

"A stipulation on the foregoing basis has been signed on behalf of the petitioner and is attached hereto.

"After due consideration, I am of the opinion that the case should be settled on the basis proposed.

"If you concur, please cause the accompanying stipulation to be filed with the Tax Court. If, after consideration and informal discussion of the case, you are of the opinion that the proposed settlement is not acceptable, please return the file with a statement of your objections to its acceptance.

the tax deficiencies set forth in the petition filed in the Tax Court. The settlement proposal of the taxpayer's income tax liability was set forth as follows:

"Appellate Counsel:

"I transmit herewith the file relating to the above-described case, accompanied by a statement of the issues and the relevant facts and law, which embodies a proposal for settlement on the basis of the following deficiency:

| Deficiency | 50% Penalty |
| --- | --- |
| $12,392.34 | $5,631.86 |
| 1,006.11 | None |
| 1,901.10 | None |
| 5,639.31 | None |
| 433.25 | None |
| $21,392.11 | $5,631.86 |

"Upon the basis of the foregoing the claim for refund for the year 1943 in the amount of $1,234.39 should be officially disallowed in accordance with established procedure.

"By direction of the Commissioner:

"/s/ J. F. Gregory
"Head, Appellate Division
"Cleveland District
"Date: 2–11–53"

The taxpayer agreed to waive his right to a refund of *$1,234.39* as part of the settlement.

Attached to the writing was a "Supporting Statement" of D. H. Strange, Technical Advisor, Deft's Ex. No. 6, in which he stated his conclusion "that the [taxpayer's] proposal for settlement serves the best interest of the Government and should be accepted."

He also stated: "Upon the basis of the foregoing, claim for refund for the year 1943 in the amount of *$1,274.39* should be officially disallowed in accordance with established procedure." It should be noted that the balance appearing to be owing on the original return and the amount of overassessment on the amended return was $1,274.32. In the settlement letter signed by J. F. Gregory,

Head, Appellate Division, the claim for refund was stated in the amount of $1,234.39 and in the letter signed by D. H. Strange it was stated as $1,274.39.

The taxpayer's proposal of settlement was accepted and the stipulation, Pltf's Ex. No. 1, was signed on February 13, 1953 and filed in the Tax Court on the same day.

The Tax Court entered its decision on February 25, 1953. The decision of the Tax Court became final and the Commissioner assessed deficiencies in conformity therewith and billed the taxpayer therefor, and he paid the same in full. The stub attached to the bill for 1943 taxes, Pltf's Ex. No. 3, shows payment of $1,006.11 for taxes and $545.28 interest or a total of $1,551.39.

Shortly after the payment the defendant sent another bill to the taxpayer for 1943 taxes and upon his refusal to pay, a warrant of distraint was issued and the taxpayer's salary was attached at the machine shop in Warren, Ohio where he was employed.

The warrant of distraint, Deft's Ex. No. 5, was for unpaid taxes of $1,274.32 and interest from June 3, 1944 to May 12, 1953 of $1,069.16 or a total of $2,343.48 which was for the amount claimed to be due on the original 1943 income tax return.

In the letter of the Appellate Division to the Appellate counsel, Deft's Ex. No. 6, the settlement made was " * * * on the basis of the following deficiency * * *." There is no provision therein for paying any taxes in addition to the deficiencies therein set forth. There is no statement therein that the settlement was based on the original or the amended income tax return.

If the Commissioner desired at the time to include the taxes in question in the settlement, he should have done so in order that the taxpayer would have the opportunity to approve or reject the settlement. Mr. Strange testified that ordinarily such a tax claim would be set forth in the stipulation.

The Court finds that the parties entered into a settlement with respect to the income tax liability of the taxpayer for the years in question on the basis of the deficiencies set forth in the stipulation; that said stipulation was entered as a decision by the Tax Court and the taxpayer has paid the same in full; that the settlement agreement has been fully performed by both parties; that by reason of the settlement agreement and the decision of the Tax Court therein, the assessment and collection of the taxes now claimed are barred.

Rule 50 of the Tax Court, 26 U.S.C.A. § 7453, provides in part as follows:

"If the parties are in agreement as to the amount of the deficiency or overpayment to be entered as the decision pursuant to the report of the Court, they or either of them shall file promptly with the Court an original and two copies of a computation showing the amount of the deficiency or overpayment and that there is no disagreement that the figures shown are in accordance with the report of the Court. The Court will then enter its decision."

The Tax Court had complete jurisdiction, not merely to determine the deficiencies claimed in the petition filed with it, but also of the entire income tax liability of the taxpayer for the particular taxable years in question. Peerless Woolen Mills v. Rose, Collector of Internal Revenue, 5 Cir., 28 F.2d 661.

The Internal Revenue Code of 1939, 26 U.S.C.A. provides:

"§ 272(e) Increase of deficiency after notice mailed.

"The Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed—if claim therefor is as-

serted by the Commissioner at or before the hearing or a rehearing."

"§ 272(b) Collection of deficiency found by Tax Court.

"If the taxpayer files a petition with the Tax Court, the entire amount redetermined as the deficiency by the decision of the Tax Court which has become final shall be assessed and shall be paid upon notice and demand from the collector. No part of the amount determined as a deficiency by the Commissioner but disallowed as such by the decision of the Tax Court which has become final shall be assessed or be collected by distraint or by proceeding in court with or without assessment."

After the decision in the Tax Court became final the Commissioner did assess the deficiency and it was paid in full upon notice and demand.

"§ 271. Definition of deficiency

"(a) In general. As used in this chapter in respect of a tax imposed by this chapter, 'deficiency' means the amount by which the tax imposed by this chapter exceeds the excess of—

"(1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

"(2) the amount of rebates, as defined in subsection (b) (2), made."

Section 1140 Internal Revenue Code of 1939, Title 26 provides that the decision of the Tax Court becomes final upon expiration of time allowed for filing a petition for review.

Regardless of whether the taxes now claimed are labeled "deficiencies" or just plain, ordinary income taxes or whether based on the original or amended returns, they should have been included in the stipulation, or presented to the Tax Court, if the Commissioner desired to assert them.

By his failure to do so, the Tax Court entered a decision for the stipulated amounts, which the Commissioner now claims, do not include all of the income taxes for which the taxpayer was liable for 1943.

It is too late for either party to change the stipulation, or the decision of the Tax Court, or to repudiate the settlement, after it has been fully executed. The income taxes now claimed did not survive the stipulation and the decision of the Tax Court thereon. The decision of the Tax Court ought to have some finality.

■ Where the Tax Court decides a matter on its merits or upon stipulation of the parties, such decision is res adjudicata of the tax claims for the taxable years in question.

The Supreme Court so held in the case of United States v. International Building Co., 345 U.S. 502, 506, 73 S.Ct. 807, 809, 97 L.Ed. 1182.

This case involved a decision of the Tax Court entered pursuant to a stipulation of the parties.

The Court held: "Certainly the judgments entered are res adjudicata of the tax claims for the years 1933, 1938, and 1939, whether or not the basis of the agreements on which they rest reached the merits."

See also: American Woolen Mills v. U. S., 18 F.Supp. 783, 85 Ct.Cl. 101, affirmed 21 F.Supp. 125, 85 Ct.Cl. 101, and Id., 1021, 85 Ct.Cl. 101, Continental Petroleum Co. v. U. S., 10 Cir., 87 F.2d 91.

■ The decision of the Tax Court, being res adjudicata of the tax claims for the years in question, the Commissioner was without right or authority to collect any additional income taxes for the year 1943. The warrant of distraint issued for the collection of the 1943 taxes was void, as it was not based on a valid assessment.

Section 272(a) (1) of the Revenue Act of 1939, Title 26 U.S.C.A. prohibits the

Commissioner from collecting any tax while a case is pending in the Tax Court and before its decision has become final. The Act expressly provides that the Court may enjoin the collection of a tax pending such proceeding.

Section 272(b) prohibits the Commissioner from assessing or collecting any part of a deficiency disallowed by final decision of the Tax Court. The taxes which the Commissioner is now attempting to collect were, in effect, disallowed by the final decision of the Tax Court and come directly within the prohibitions of § 272(a) (1) and § 272(b) which authorize the Court to grant an injunction.

In Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 263, 76 L.Ed. 422, the Supreme Court said:

> " * * * And this court likewise recognizes the rule that, in cases where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exists special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector. * * * "

See: Midwest Haulers, Inc. v. Brady, 6 Cir., 128 F.2d 496; Hirst & Co. v. Gentsch, 6 Cir., 133 F.2d 247.

 The rule in Ohio is that a judgment entered pursuant to a settlement agreement is res adjudicata. Eells v. Shea, 20 Ohio Cir.Ct.R. 527, affirmed 66 Ohio St. 683, 65 N.E. 1128.

The enforcement of a judgment, which has been paid, may be enjoined. Betz v. Betz, 4 Ohio App. 264.

It is claimed that the taxpayer has an adequate remedy at law by paying the tax and suing for a refund.

He ought not be required to do this where a settlement agreement has been entered into in good faith which has been carried into effect by a decision of the Tax Court and fully executed by payment.

The defendant had attached the taxpayer's salary under the warrant of distraint and if he continued to work long enough he could ultimately pay the tax out of his earnings and then bring suit for a refund. See Deft's Ex. No. 3, par. 4 for statement of assets.

This Court will not require the taxpayer to work and pay a tax, which he does not owe and which the Commissioner is prohibited by law from collecting, in order to obtain a remedy.

An injunction may issue restraining the defendant from collecting any income taxes, interest or penalty for the year 1943 and ordering the defendant to cancel and discharge any liens which he has obtained on plaintiff's property.