Edward R. MAHER and Wife, Genevieve Maher,

v.

UNITED STATES.

Congressional No. 11–56.

United States Court of Claims.

May 6, 1959.

Ed Gossett, Dallas, Tex., for plaintiffs, Gossett, Harris, Denman & Hall, Dallas, Tex., on the brief.

C. Moxley Featherston, Washington, D. C., Asst. Atty. Gen., Charles K. Rice, for defendant, James P. Garland and Lyle M. Turner, Washington, D. C., on the brief.

WHITAKER, Judge.

This case is before the court pursuant to H.R. Resolution No. 490, 84th Congress, 2d Session, in which the court was requested to determine whether plaintiffs have a legal or equitable claim against the United States, and the amount, if any, legally or equitably due thereon.

Plaintiffs claim an overpayment of income taxes for the years 1943, 1944, 1945, and 1946 in the amount of $47,714.-16, together with interest from the date of payment. This amount was paid by plaintiffs on April 25, 1950 in settlement of a suit then pending in the Tax Court of the United States in which the defendant herein alleged net tax deficiencies against the plaintiffs for the years in question of $111,570. The settlement agreement was set forth in stipulations signed by the attorneys for the parties, at their request, and were duly filed in the Tax Court, which on April 5, 1950 entered judgment accordingly.

The Commissioner of Internal Revenue determined these additional taxes against plaintiffs upon a finding that a

family partnership entered into in 1943 by plaintiffs and four of their five children could not be recognized for Federal tax purposes. The plaintiffs now ask us to decide that the Commissioner was in error, that the partnership was *bona fide* and should have been recognized for all purposes, and they further ask that we recommend to Congress that it disregard the settlement, and refund to them the amount they paid pursuant to it.

■ Clearly the plaintiffs are not legally entitled to recover because a judgment rendered on the merits constitutes an absolute bar to a subsequent action. Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355; Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; and numerous other cases. The fact that the judgment was entered by consent of the parties rather than upon a judicial determination of the controversy is immaterial; it is nonetheless a bar to a subsequent suit on the same cause of action. Lawlor v. National Screen Service Corp., 349 U.S. 322, 327, 75 S.Ct. 865, 99 L.Ed. 1122; United States v. Parker, 120 U.S. 89, 95, 7 S.Ct. 454, 30 L.Ed. 601; James v. Commissioner, 31 B.T.A. 712, 720. The rule is founded upon the necessity of according finality to court judgments. The parties, having had the opportunity to litigate their controversy, are conclusively bound by the compromise agreed upon. Their former cause of action is merged into the compromise judgment and is extinguished.

The case of United States v. International Building Co., 345 U.S. 502, 506, 73 S.Ct. 807, 809, 97 L.Ed. 1182, is directly in point. That case involved a decision of the Tax Court entered pursuant to a stipulation of the parties. The court stated, "Certainly the judgments entered are *res judicata* of the tax claims for the years 1933, 1938, and 1939, whether or not the basis of the agreements on which they rest reached the merits." A compromise settlement has also been held to bar the government, after settling its claim against a taxpayer by stipulation in the Tax Court, from collecting additional taxes. Lenny v. Williams, D.C., 143 F.Supp. 29.

■ The plaintiffs, however, claim that they are *equitably* entitled to recover these taxes on the grounds that the stipulations were entered into under financial stress, which they say amounted to duress, and due to a mutual mistake of law. We do not believe either of these allegations warrant the setting aside of the settlement agreement.

The fact that plaintiffs did not have sufficient funds immediately available to pay the entire tax in the event they lost their suit, and, therefore, entered into the settlement, does not now give them a right to claim that the settlement was entered into under duress. It is well settled that the pressure of financial difficulties is not sufficient to constitute legal duress. Cf. Burnet v. Chicago Railway Equipment Co., 282 U.S. 295, 51 S.Ct. 137, 75 L.Ed. 349; Shaw & Truesdell Co. v. United States, D.C., 1 F.Supp. 834. This is especially so where no showing is made that the other party took advantage of opponent's financial condition to assert unreasonable demands. There is no showing here that the defendant's claim of $111,570, which was settled for $47,714.16, was not asserted in good faith.

Nor do we think that the fact that there was uncertainty in the law of family partnerships in 1950 is sufficient to now void the stipulations duly executed by the parties. In Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659, decided before the settlement was agreed upon, the Supreme Court had said that the test was the *bona fides* of the partnership. This, of course, presented a question of fact, and it was uncertain how it would be decided, since no specific tests had then been prescribed for determining the *bona fides* of the partnership agreement. But certainly this uncertainty is not sufficient to void the settlement. Compromises are made only because of the uncertainty of the outcome of litigation. Having elected not to risk litigation, but to settle for considerably less

than the amount demanded by defendant, they are foreclosed from litigation now when they consider conditions more favorable to them.

We think plaintiffs are equitably estopped from asserting a demand for the return of money they paid in consideration of the waiver by the defendant of a demand for more than twice what plaintiffs paid. Guggenheim v. United States, 77 F.Supp. 186, 111 Ct.Cl. 165, certiorari denied 335 U.S. 908, 69 S.Ct. 411, 93 L. Ed. 441.

We conclude, therefore, that plaintiffs are not entitled to recover either at law or in equity.

This opinion, together with the findings of fact which follow, will be certified to the Congress pursuant to House Resolution No. 490, 84th Congress, 2d Session.

It is so ordered.

BRYAN, District Judge, sitting by designation, JONES, Chief Judge, and LARAMORE and MADDEN, Judges, concur.