**In re Elwood CLUCK, Debtor.**

**Elwood CLUCK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

Civ. No. SA–92–CA–974.
Bankruptcy No. 90–50952–K.
Adv. No. 91–5173–K.

United States District Court,
W.D. Texas,
San Antonio Division.

July 13, 1993.

Elwood Cluck, pro se.

A. Ellouise Niblo, Dept. of Justice, Tax Div., Dallas, TX, for appellee.

## ORDER

H.F. GARCIA, District Judge.

On this date came on to be considered by the Court an appeal from the bankruptcy court's final judgment denying debtor Cluck's complaint for determination of income tax liability under Title 11 U.S.C. § 505(a). The Court has duly considered appellant Cluck's *pro se* brief on appeal and appellee United States of America's responses thereto. The Court has also reviewed the pertinent legal authorities and the entire record in this case.

This case primarily involves the tax treatment of certain land inherited by appellant tax attorney Cluck. On July 29, 1983, Martha K. Cluck died without a will. Appellant and his three brothers inherited a 149 acre tract located at Grapevine, Tarrant County, Texas ("Grapevine property") from their mother. In April, 1984, appellant and his brothers sold the Grapevine property to a third party for a sales price of approximately 2.5 million dollars.

After preparing and filing an unsigned copy of the estate tax return in April, 1984, appellant filed a signed copy of the return in March, 1985. *See Appellee's Record on Appeal,* USA's Motion for Partial S/J, Exh. D. Appellant attached an appraisal to that return indicating that the value of the Grapevine property was $1,054,500.00. *Id.*

In June, 1986, appellant filed his income tax return for 1984 with the Internal Revenue Service. *See Appellant's Record on Appeal,* Volume III, TAB 7. Appellant's income tax return did not mention the Grapevine property sale. The other heirs did report the transaction on their 1984 income tax returns. The I.R.S. audited the estate tax return and asserted an estate tax, penalties, and additions to tax in the total amount of $1,354,272.00 against appellant and each of his brothers.

After a protracted legal battle with the I.R.S. over the amount of estate tax due on the inherited Grapevine property, appellant and his brothers entered into a stipulation of settled issues filed on or about February 27, 1989 in each of their separate Tax Court proceedings. *See Appellant's Record on Appeal,* Volume I, TAB 2–B, Gov't Exh. E. Appellant and his brothers each stipulated that the fair market value of the Grapevine property as of July 29, 1983 (Martha Cluck's date of death) [1] was $1,420,000.00. *Id.*

Decisions were rendered in the Tax Court cases in August, 1989. *Id.* at TAB 2–B, Gov't Exhs. F, G, H. Though appellant's brothers signed the Decision in each of their respective cases, appellant refused to sign the Decision in his cause. *Id.* at TAB 2–B, Gov't Exh. II. The Tax Court Judge entered the Order and Decision in appellant's cause over appellant's objection [2]. *Id.* at TAB 2–B, Gov't Exh. III. The Order and Decision specified that the total estate tax deficiency was $222,442.11. *Id.* The $1,420,000.00 fair market value from the stipulation was used to compute the deficiency.

On August 16, 1991, appellant Cluck filed his complaint seeking re-determination of the deficiency in income taxes asserted by appellee United States against Cluck for the years 1984, 1987, and 1988. Appellant alleged that the 1984 deficiency was barred by limitations. Appellee United States filed motions for partial summary judgment claiming that: 1) the Internal Revenue Service's deficiency assessment against debtor for his 1984 income taxes was not barred by the statute of limitations, and 2) the fair market value (tax basis) of the Grapevine property was $1,420,000.00 on July 29, 1983. Appellant filed a cross-motion for partial summary judgment on these issues. Appellant also filed motions for summary judgment regarding the years 1987 and 1988.

On April 15, 1992, Bankruptcy Judge King held a hearing on the pending motions for

---

1. Under the Internal Revenue Code, the fair market value at the date of death is the tax basis of property acquired from a decedent. *See* Title 26 U.S.C. § 1014(a)(1).

2. Appellant appears to contest the joint and several liability imposed by the Order and Decision. *See* Reply Brief to Motion for Entry of Decision, TAB 2–B, Gov't Exh. II.

summary judgment. At the hearing's conclusion, Judge King found that:

1) the $1,420,000.00 Grapevine property value stipulated by appellant in the estate tax matter did not constitute a settlement negotiation but would be given collateral and judicial estoppel effect;

2) the I.R.S. assessment for tax year 1984 was made within the applicable six year statute of limitations; and

3) the net operating loss, depreciation deduction, and employee tax issues would have to go to trial.

*See Transcript,* April 15, 1992, pp. 84–86. Judge King indicated that he would sign a partial summary judgment order to that effect prepared by appellee and noted that findings of fact and conclusions of law were not required. *Id.* at p. 86.

The order granting partial summary judgment was signed on May 8, 1992. *See Appellant's Record on Appeal,* Volume IV, TAB 20–U. On that same date, the bankruptcy court denied plaintiff's cross-motion for partial summary judgment and plaintiff's motion for partial summary judgment. *Id.* at TABS 21–V and 21–W.

Plaintiff's motion for reconsideration was denied on May 21, 1992. *Id.* at TABS 26–AA and 27–BB. Plaintiff Cluck's subsequent requests for findings of fact and conclusions of law were denied. *Id.* at TABS 24–Y, 25–Z, 29–DD, and 30–EE. The bankruptcy court also denied plaintiff's motion for continuance. *Id.* at TAB 34–II. The Court heard testimony on May 28, 1992, then informed the parties that it would resume the proceedings on June 11, 1992.

On June 11, 1992, appellant filed a motion to determine whether the proceeding was a core proceeding pursuant to Title 28 U.S.C. § 157. The bankruptcy court found that the proceeding was a core proceeding. *Id.* at TABS 35–JJ and 36–KK. At the hearing's conclusion, the bankruptcy judge announced his findings of fact and conclusions of law on the record. *See Transcript,* June 12, 1992, pp. 20–29. After setting forth the procedural history of the cause, the bankruptcy court reiterated its finding that the I.R.S. deficiency assessment for 1984 was not barred by the statute of limitations. *Id.* at pp. 21–22.

The bankruptcy judge specifically found that the I.R.S. correctly used the tax basis of $1,420,000.00 in its deficiency assessment against debtor Cluck for the gain on the sale of the Grapevine property based on the prior stipulation which was the subject of a Tax Court final judgment. *Id.* at p. 21. He noted that the Tax Court judgment constituted res judicata as to the value of the property as of the time of Mrs. Cluck's death and that appellant was judicially estopped from taking an inconsistent position. *Id.* at pp. 23–24.

The bankruptcy court further found that the IRS assessments were not defective; that plaintiff failed to carry his burden of proof on the carry forward tax issues and Coble Wall Trust company deductions; and that plaintiff's request for redetermination of taxes under section 505 was denied. *Id.* at pp. 26–29. Judge King signed a final judgment in the matter on June 24, 1992. *See Appellant's Record on Appeal,* Volume IV, TAB 38. The matter was subsequently appealed to this district court.

Appellant contends that the bankruptcy court erred: 1) by determining that the matter was a core proceeding; and 2) by denying appellant's requests for findings of fact and conclusions of law on the issues; 3) by admitting a stipulation of settled issues to establish the fair market value of the Grapevine property; 4) by improperly utilizing the principles of res judicata and judicial estoppel to establish the basis for determining gain or loss from the Grapevine property sale; 5) by erroneously determining that the fair market value of the Grapevine property did not exceed the net proceeds from the sale; 6) by concluding that the IRS assessment of taxes for the year 1984 was not barred by limitations; and 7) by erroneously finding against appellant regarding the calculation of net operating losses.

Appellee United States of America contends that the proceeding was a core proceeding; that the Court properly determined that the Grapevine property's basis was $1,420,000.00; that limitations did not bar the assessment of taxes for 1984; and that the

bankruptcy court correctly ruled on the net operating loss issues.

■ Of course, the district court in its appellate role must give due regard to the opportunity of the bankruptcy court to judge the credibility of the witnesses. *See In re Perez*, 954 F.2d 1026, 1027 (5th Cir.1992). Thus, a bankruptcy court's findings will be affirmed unless, on the entire evidence, the court is left with the "definite and firm conviction that a mistake has been committed." *Id., citing Matter of Sutton*, 904 F.2d 327, 329 (5th Cir.1990). This court will apply the clearly erroneous standard to the bankruptcy court's factual findings; conclusions of law are reviewed *de novo. See* Bankruptcy Rule 8013; *In re Anderson*, 936 F.2d 199, 202 (5th Cir.1991).

■ Appellant's complaint sought a determination of income tax liability under Title 11 U.S.C. § 505 and objected to the Internal Revenue Service's claim against the bankruptcy estate. The bankruptcy court was called upon to determine whether the IRS assessments for unpaid payroll taxes were dischargeable.

Bankruptcy judges can hear and determine all cases and core proceedings arising under the Bankruptcy Code, subject to review by the district courts under Title 28 U.S.C. § 158. *See* Title 28 U.S.C. § 157(b)(1). Core proceedings include matters concerning the administration of the estate, the allowance or disallowance of claims against the estate, the dischargeability of particular debts, and other proceedings affecting the adjustment of the debtor-creditor relationship. *See* Title 28 U.S.C. § 157(b)(2)(A), (B), (I), and (O).

Subject to certain exceptions, section 505 of the Bankruptcy Code permits bankruptcy courts to determine the amount or legality of any tax, any fine or penalty relating to a tax,

or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and

adjudicated by a judicial or administrative panel of competent jurisdiction.

*See* Title 11 U.S.C. § 505(a)(1). The bankruptcy court's jurisdiction is limited where the claim was adjudicated before the bankruptcy proceeding commenced. *See* Title 11 U.S.C. § 505(a)(2)(A).

After reviewing the pertinent statutes, this Court finds that the matter constituted a core proceeding pursuant to Title 28 U.S.C. § 157 and Title 11 U.S.C. § 505[3]. *See U.S. v. Wilson*, 974 F.2d 514, 517 (4th Cir.1992) *cert. denied* —— U.S. ——, 113 S.Ct. 1352, 122 L.Ed.2d 733 (1993). The Court concludes that Bankruptcy Judge King properly determined that the matter was a core proceeding and entered a final order consistent with Title 28 U.S.C. 157(b)(1).

Accordingly, the bankruptcy court did not err in denying appellant's requests for findings of fact and conclusions of law on the issues[4]. At the conclusion of the adversary proceeding, Bankruptcy Judge King properly announced his findings on the record.

■ Appellant next contests the bankruptcy court's determination that the basis for determining gain or loss on the Grapevine property sale was $1,420,000.00. He contends that the bankruptcy court erroneously violated Federal Rule of Evidence 408 by admitting a Tax Court stipulation and erroneously utilized res judicata and judicial estoppel principles in arriving at its conclusion.

Federal Rule of Evidence 408 provides that evidence of compromise and offers to compromise and evidence of conduct or statements made in settlement negotiations is not admissible to prove liability for, or invalidity of, the claim or its amount. *See* Federal Rules of Evidence 408. This Court finds that Rule 408 does not apply to final judgments in prior judicial proceedings. Accordingly, the bankruptcy court did not err in considering the February 27, 1989 stipulations and the August, 1989 Tax Court final decisions. *See Appellant's Record on Ap-*

---

**3.** Appellant Cluck's own request for findings of fact and conclusions of law, filed May 27, 1992, admits that the matter is a core proceeding pursuant to § 157(b)(2)(B) and (O). *See Appellant's Record on Appeal*, Volume IV, TAB 24–Y.

**4.** Proposed factual findings and legal conclusions are required for submission to the district court in *non-core* proceedings. *See* Title 28 U.S.C. § 157(c)(1).

*peal,* Volume I, TAB 2–B, Gov't Exh. E, F, G, H.

■ Indeed, collateral estoppel operates to bar in any future lawsuits the relitigation of an issue of ultimate fact by the party against whom the issue is determined by a valid and final judgment. *See Hibernia Nat. Bank in New Orleans v. United States,* 740 F.2d 382, 387 (5th Cir.1984). Generally, before collateral estoppel can bar the relitigation of an issue, three main elements must exist: 1) the issue at stake must be identical to the one involved in the prior litigation; 2) the determination of the issue in the prior litigation must have been a critical, necessary part of the judgment in the earlier action; and 3) the special circumstances must not exist which would render preclusion inappropriate or unfair. *See Texas Pig Stands v. Hard Rock Cafe, Intern.,* 951 F.2d 684, 691 (5th Cir.1992).

■ In the field of taxation, however, collateral estoppel has a somewhat narrower application: "It must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable rules remain unchanged." *Hibernia Nat. Bank in New Orleans,* 740 F.2d at 387 *citing Commissioner v. Sunnen,* 333 U.S. 591, 599–600, 68 S.Ct. 715, 720, 92 L.Ed. 898 (1948).

The basis of property acquired from a decedent is "the fair market value of the property at the date of the decedent's death." *See* Title 26 U.S.C. § 1014(a)(1). Appellant contends that the basis used for determining gain or loss on the Grapevine property sale was never litigated or determined in the prior Tax Court proceedings.

Citing *United States v. International Bldg. Co.,* 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182 (1953), appellant notes that stipulated decisions based solely on the parties' agreement which do not involve a Tax Court inquiry or determination of any legal or factual issue,

will not sustain a plea of res judicata or collateral estoppel for a subsequent or other tax year.

Appellee argues that while the parties in *International Bldg. Co.* merely stipulated to the tax deficiency without reference to particular underlying facts [5], appellant herein stipulated specifically that the fair market value of the Grapevine property was $1,420,000.00. Appellee notes that the Tax Court's Order and Decision was based on that stipulated fact.

■ The Fifth Circuit has held that, when determining the effect to be given a decree entered by consent of the parties, consideration is to be given to their intention with respect to the finality to be accorded the decree as reflected by the record and the words of their agreement. *Kaspar Wire Works, Inc. v. Leco Engineering & Mach., Inc.,* 575 F.2d 530, 540 (5th Cir.1978) (referencing *International Bldg. Co.*); *see also In re Lacy,* 947 F.2d 1276 (5th Cir.1991) (Under certain conditions, an agreed judgment is entitled to collateral estoppel effect).

This Court finds that the intention manifested by the Stipulation of Settled Issues filed in the Tax Court is clear. Stipulation Number Three explicitly indicated that the fair market value of Martha K. Cluck's 100% interest in the subject property on July 29, 1983 was $1,420,000.00. *See Appellant's Record on Appeal,* Volume I, TAB 2–B, Gov't Exh. E.

The Court finds that the parties intended to finally settle the fair market value issue. The bankruptcy court record reflects consideration of the stipulation and Tax Court Decision. Accordingly, the court finds that the bankruptcy court properly gave the stipulation collateral estoppel effect to bar relitigation in the bankruptcy proceeding.

Since collateral estoppel principles barred relitigation of factual issues relating to the Grapevine property's fair market value, the

---

5. The *International Bldg. Co.* stipulations stated that there was no deficiency in Federal income tax due from respondent for the taxable years in question, that the tax liability for each of the years was nil, and that the jeopardy assessment was abated. *See International Bldg. Co.,* 345

U.S. at 503–04, 73 S.Ct. at 808. The Supreme Court found only "a *pro forma* acceptance by the Tax Court of an agreement by the parties to settle their controversy for reasons undisclosed." *Id.,* 345 U.S. at 506, 73 S.Ct. at 809.

Court finds that the bankruptcy court properly determined that the tax basis for determining gain or loss from the sale of the Grapevine property was $1,420,000.00. Appellant's arguments to the contrary in his fifth appellate brief point of error must be overruled.

Appellant next contends that the bankruptcy court erred by concluding that the IRS assessment of taxes for the year 1984 was not barred by limitations. Appellant argues that the 1984 assessment was barred by the applicable three year statute of limitation[6]. Accordingly, the 1991 assessment was time-barred. Appellee notes that the applicable statute of limitations was actually six years from the filing date of the return.

The Internal Revenue Code provides that, except as otherwise provided by the section, tax amounts imposed shall be assessed within three years after the return was filed. *See* Title 26 U.S.C. § 6501(a). However, a six year limitations period applies where a taxpayer omits from gross income a properly includible amount which exceeds twenty-five percent of the gross income stated on the return. *See* Title 26 U.S.C. § 6501(e)(1)(A).

Appellant filed his 1984 income tax return on or about June 20, 1986. *See Appellee's Second Motion for Partial S/J*, Exh. 2. The Internal Revenue Service's deficiency assessment was made on September 26, 1991. *Id., Certificate of Assessments and Payments*, Exh. 4. The 1984 return reported a total gross income of $125,971.00 (total of Royalty income, Schedule C income, and Schedule F income). *See* Exh. 2.

Appellant's proceeds from the April, 1984 Grapevine property sale was not reported in his 1984 income tax return. The Court finds that appellant's ¼ share from the approximately 2.5 million dollar sales price exceeds twenty five percent of the gross income reported by appellant on the 1984 return. Because appellant omitted gross income in excess of twenty-five percent, the six year statute of limitations applied. The bankruptcy

court therefore properly found that the I.R.S. assessment was made within the applicable six year limitations period.

Appellant lastly asserts that he is entitled to summary judgment on all issues arising out of or relating to the calculation of net operating losses under Internal Revenue Code Section 172. His argument appears to hinge on the fact that appellee utilized the $1,420,000.00 as the fair market value and basis of the Grapevine property in its calculations. He also reiterates his position that the tax assessment for 1984 is barred by limitations. These matters have been previously discussed. After due consideration, the Court finds that the bankruptcy court also properly ruled on the net operating loss issues.

For the foregoing reasons as well as the argument and legal authorities set forth by the appellee, the judgment of the bankruptcy Court is hereby in all respects AFFIRMED.

---

**6.** Appellant contends that appellee did not adequately plead the six year limitations exception to Title 26 U.S.C. § 6501. The Court finds that the general denial, coupled with appellee's motions for summary judgment, trial brief, and proposed findings provided appellant with adequate notice of the six year limitations period.