### In re Franklin Y. WRIGHT, Debtor.

### United States of America, Plaintiff,

### v.

### Franklin Y. Wright, Defendant.

**Bankruptcy No. 98–53314–C.**
**Adversary No. 99–05212–C.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

July 11, 2000.

Franklin Y. Wright, Jr., Malibu, CA, pro se.

Johnny W. Thomas, San Antonio, TX, trustee.

## Memorandum of Decision Regarding Motion of The United States of America (IRS) for Summary Judgment

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the Motion of the United States of America (Internal Revenue Service) for Summary Judgment. After reviewing the Motion, the debtor's untimely response, and the applicable law, the court finds that the motion is meritorious and should be granted.

### BACKGROUND

The facts of this case are relatively straightforward. On or about April 30, 1997, Franklin Wright was indicted for conspiring to impede the function of the Department of Treasury in collecting taxes and for tax evasion. On December 19, 1997, a jury determined that Wright was guilty of conspiring to impede the function of the Department of Treasury in collecting taxes and guilty of tax evasion. On May 27, 1998, the United States District Court for the Western District of Texas entered its judgment finding Wright guilty of the above crimes. He was subsequently sentenced, and appeal was taken to the Fifth Circuit, which ultimately affirmed the conviction.

Wright's bankruptcy was filed on July 9, 1998 as a Chapter 11 case. On October 15, 1998, the case was converted to a Chapter 7. On November 19, 1999, the United States of America, on behalf of the Internal Revenue Service, filed a complaint in this court seeking to determine the dischargeability of Franklin Wright's unpaid taxes and interest for tax years 1987, 1988, 1992, 1993, and unpaid income taxes, penalties and interest for tax years 1994, 1995, 1996 and 1997. On June 2, 2000, the United States filed a Motion for Summary Judgment on this complaint.[1]

### DISCUSSION

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* FED.R.CIV.P. 56; FED.R.BANKR. P. 7056; *Celotex Corporation v. Catrett,* 477 U.S. 317, 322–324, 106 S.Ct. 2548, 91

---

1. The dispositive motion deadline was June 2, 2000. The United States' Motion for Summary Judgment was filed June 2, 2000. Wright's response to the United States' Motion for Summary Judgment was due on June 20, 2000. Wright filed a very "untimely" response and cross Motion for Summary Judgment on July 3, 2000. In addition to being untimely, neither Wright's response nor his cross-motion for summary judgment included any supporting affidavits or other evidence. Instead, Wright merely made conclusory allegations and statements. The result is that Wright has offered no affirmative evidence nor has he designated any specific facts indicating a genuine issue for trial, reducing our consideration of the United States' motion to a determination of whether it prevails as a matter of law.

L.Ed.2d 265 (1986).[2] The movant bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. After the movant meets its burden, the party opposing a summary judgment motion must present affirmative evidence and designate specific facts showing there is a genuine issue of material fact for trial. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994).[3] Although the court must consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, *Anderson,* 477 U.S. at 257, 106 S.Ct. 2505; *Hibernia Nat'l Bank v. Carner,* 997 F.2d 94, 97 (5th Cir.1993), the nonmoving party may not rest on bare allegations or denials in its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial. *See Anderson,* 477 U.S. at 257, 106 S.Ct. 2505; *Webb v. Cardiothoracic Surgery Associates, P.A.,* 139 F.3d 532, 536 (5th Cir.1998); *Figgie Int'l, Inc. v. Bailey,* 25 F.3d 1267, 1269 (5th Cir.1994). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no issue of genuine fact. *Anderson,* at 247–248, 106 S.Ct. 2505.[4]

### 1. Dischargeability of taxes, penalties, and interest for the year 1997.

The United States asserts that Wright's taxes, penalties,[5] and interest[6] for the year 1997 are nondischargeable pursuant to § 523(a)(1)(B)(i).[7] We agree. Although Wright's 1997 tax return was due April 15, 1998, it has not yet been filed. Therefore, the debtor's tax debt for

**2.** The admissibility of summary judgment evidence is subject to the same standards and rules that govern the admissibility of evidence at trial. *See Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 650 n. 3 (5th Cir.1992); *Lavespere v. Niagara Mach., & Tool Works, Inc.,* 910 F.2d 167, 175–176 (5th Cir. 1990). Conclusory allegations, speculation, and unsubstantiated assertions are not evidence. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir.1996).

**3.** An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249, 106 S.Ct. 2505. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips v. OKC Corporation,* 812 F.2d 265, 272 (5th Cir.1987).

**4.** In this case, the United States has submitted the following summary judgment evidence:
(1) Franklin Wright's 1992 tax return;
(2) Franklin Wright's 1993 tax return;
(3) The District Court's Judgment in Franklin Wright's criminal case;
(4) The Fifth Circuit's Opinion affirming Wright's conviction;
(5) The IRS's Proof of Claim in this bankruptcy case;
(6) IRS records showing tax liability, extensions, penalties, payments, etc. for the years 1987, 1988, 1992, 1993, 1994, 1995, 1996 and 1997;
(7) IRS Request for Admissions which the debtor has not answered; U.S. Postal Service green card showing the Request for Admissions were sent certified mail, return receipt requested with a returned receipt signed by Annette Wright; facsimile transmittal report showing request for admissions were sent to Franklin Wright.

**5.** Tax penalties related to nondischargeable tax liabilities are dischargeable only if incurred more than three years prior to the filing of a bankruptcy petition. *See In re Roberts,* 906 F.2d 1440, 1441–1442 (10th Cir. 1990).

**6.** Interest on a tax debt is treated as part of the underlying tax. *See Hardee v. Internal Revenue Service,* 137 F.3d 337, 342 (5th Cir. 1998).

**7.** Section 523(a)(1)(B)(i) provides:
Exceptions to discharge
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(1) for a tax or a customs duty—
(B) with respect to which a return, if required—
(i) was not filed;

1997 is nondischargeable as a matter of law per the plain language of the statute (*i.e.*, no discharge for any tax with respect to which a required return has not been filed). *See* 11 U.S.C. § 523(a)(1)(B)(i). In any event, Wright admitted in his answer that he owes tax liability for the year 1997, and that such liability is nondischargeable and entitled to priority. *See Debtor's Answer* at 2. For these reasons, the unpaid income taxes, penalties and interest for the tax year 1997, to the extent not paid from the bankruptcy estate, are nondischargeable as a matter of law.

### 2. Dischargeability of taxes, penalties, and interest for years 1994, 1995, 1996.

The United States asserts that Wright's taxes, penalties, and interest for the years 1994, 1995, and 1996 are nondischargeable pursuant to § 523(a)(1)(A), (B) and § 507(a)(8)(A)(i).[8] We agree. The bankruptcy case was filed July 9, 1998. Including filing extensions, Wright's 1994 tax return was due October 15, 1995, his 1995 tax return was due August 15, 1996, and his 1996 tax return was due August 15, 1997. Wright's tax returns for the above years all fell due inside the three year window preceding the filing of the bankruptcy petition. They are thus nondischargeable as a matter of law. *See* 11 U.S.C. §§ 523(a)(1)(A), 507(a)(8)(A)(i). In any event, Wright admits in his answer that his tax liability for 1994, 1995, 1996 are entitled to priority and are thus nondischargeable. *See Debtor's Answer* at 2. Thus, the unpaid income taxes, penalties and interest for the tax year 1994, 1995, and 1996, to the extent not paid from the bankruptcy estate, are nondischargeable.

### 3. Dischargeability of Taxes and Interest for the years 1987, 1988, 1992, and 1993.

The United States asserts that Wright's taxes and interest due for the years 1987, 1988, 1992, and 1993 are nondischargeable under § 523(a)(1)(C)[9] because Wright was convicted in U.S. District Court[10] of tax evasion and conspiracy to defraud the Internal Revenue Service for conduct which occurred during such years. The United States asserts that Wright's criminal conviction for tax evasion necessarily constitutes a willful attempt to evade his tax liability under § 523(a)(1)(C). The United States then adds that principles of collateral estoppel

---

**8.** Section 523(a)(1) provides:

Exceptions to discharge
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(1) for a tax or a customs duty—
(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;
(B) with respect to which a return, if required—
(i) was not filed; or
(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition;
Section 507(a)(8) provides:
Priorities
(a) The following expenses and claims have priority in the following order:

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
(A) a tax on or measured by income or gross receipts—
(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

**9.** Section 523(a)(1)(C) provides in pertinent part:
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(1) for a tax or a customs duty—
(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

**10.** *See United States v. Wright,* 211 F.3d 233 (5th Cir.2000).

bar any attempt by Wright to relitigate in this adversary proceeding issues already decided in Wright's criminal trial and conviction.[11]

 Collateral estoppel can in fact attach to a criminal conviction to bar relitigation of issues in a subsequent civil proceeding. *See Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 568–569, 71 S.Ct. 408, 95 L.Ed. 534 (1951); *see also Tomlinson v. Lefkowitz*, 334 F.2d 262, 264 (5th Cir.1964) (issue resolved in favor of the United States in a criminal prosecution may not be contested by the same defendant in a civil suit brought by the Government); *Local 167, Int'l Bhd. of Teamsters, etc. v. United States*, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804 (1934).[12] The Supreme Court noted in *Emich* that "[s]uch estoppel extends only to questions distinctly put in issue and directly determined in the criminal prosecution." 340 U.S. at 569, 71 S.Ct. 408. However, the Court added that

> The difficult problem, of course, is to determine what matters were adjudicated in the antecedent [criminal] suit. A general verdict of the jury or judgment of the court without special findings does not indicate which of the means charged in the indictment were found to have been used in effectuating the conspiracy. And since all of the acts charged need not be proved for conviction, such a verdict does not establish that defendants used all of the means charged or any particular one. Under these circumstances what was decided by the criminal judgment must be determined by the trial judge hearing the treble-damage [civil] suit, upon an examination of the record, including the pleadings, the evidence submitted, the instructions under which the jury arrived at its verdict, and any opinions of the courts.

*Id.* (internal citations omitted) (emphasis added). The difficulty adverted to in *Emich* is present in this case as well. We have a verdict of guilty on various charges, and the consequent conviction and sen-

---

11. Collateral estoppel, or issue preclusion, promotes the interests of judicial economy by treating specific issues of fact or law that are validly and necessarily determined between two parties as final and conclusive. Issue preclusion is appropriate only if the following four conditions are met:

(1) the issue under consideration in a subsequent action must be identical to the issue litigated in a prior action;
(2) the issue must have been fully and vigorously litigated in the prior action;
(3) the issue must have been necessary to support the judgment in the prior case;
(4) there must be no special circumstance that would render preclusion inappropriate or unfair.

*See United States v. Shanbaum*, 10 F.3d 305, 310–311 (5th Cir.1994); *Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (collateral estoppel applies in bankruptcy discharge proceedings).

In the field of taxation, however, collateral estoppel has a somewhat narrower application: "It must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable rules remain unchanged." *See Hibernia Nat. Bank in New Orleans v. United States*, 740 F.2d 382, 387 (5th Cir.1984), *citing Commissioner v. Sunnen*, 333 U.S. 591, 599–600, 68 S.Ct. 715, 720, 92 L.Ed. 898 (1948); *Cluck v. United States*, 165 B.R. 1005, 1009 (W.D.Tex.1993).

12. The converse, of course, is not true. The Government is *not* estopped to raise in a civil proceeding an issue on which it lost in a prior criminal case because the burden of proof in the earlier case (beyond a reasonable doubt) is greater than the burden in a civil case (usually preponderance of the evidence). *See Tomlinson v. Lefkowitz*, 334 F.2d 262, 264 (5th Cir.1964); *Helvering v. Mitchell*, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938). The Government might only have failed to prove the issue in the criminal case because of its inability to meet the higher standard of proof there imposed. In the later civil action, where the burden of proof is lower, the quantum of evidence might be sufficient to carry the day. The highly publicized case of O.J. Simpson is the most visible example of this principle in action. *See* Carey Goldberg "First Keep the Jury Wide Awake," *New York Times* (Week in Review) (Sunday, Nov. 24, 1996); Stephanie Simon "Civil Cases Offer Victims Another Chance to Prove a Point," *Los Angeles Times* (Metro Section) (Monday, Sept. 2, 1996).

tencing. In order to determine whether collateral estoppel applies in the present dischargeability case, the court must necessarily know precisely what issues were actually litigated and necessarily decided in the criminal action. Following the course charted by the Supreme Court in *Emich*, this court must review such things as the indictment, the pleadings, the evidence submitted, the jury instructions, and any opinions of the court (either at trial or on appeal). *Id.* The United States has supplied some of this material as part of its summary judgment evidence.

The indictment reflects that Wright was indicted for conspiracy to impede the function of the Department of Treasury in collecting taxes, in violation of 18 U.S.C. § 371, and for tax evasion, in violation of 26 U.S.C. § 7201. Franklin Wright was ultimately convicted on both charges, according to the jury verdict and conviction included in the United States' summary judgment evidence. A conviction under § 7201 of the Internal Revenue Code requires a showing of willfulness, a tax deficiency, and an affirmative act constituting evasion. *See United States v. Wright*, 211 F.3d 233, 238 (5th Cir.2000). The Fifth Circuit's published affirmance of that conviction establishes as a matter of both fact and law that such a showing was in fact made at trial. The elements of the criminal action are virtually identical to the elements for establishing nondischargeability under § 523(a)(1)(C) which requires a showing of a "willful attempt in any manner" on the part of the debtor to evade or defeat a tax. *See* 11 U.S.C. § 523(a)(1)(C); *Matter of Bruner*, 55 F.3d 195, 197 (5th Cir.1995).[13]

Wright's indictment, the District Court's criminal judgment, Wright's tax returns for the above years, and the Fifth Circuit's decision affirming Wright's conviction, all establish that the requisite elements for a determination of nondischargeability under § 523(a)(1)(C) have already been actually and fully litigated in the prior criminal action, and those elements were necessary to the ultimate verdict rendered against Wright.[14] Further, there are no special circumstances present that would render issue preclusion either unfair or inappropriate in this action. *See United States v. Shanbaum*, 10 F.3d 305, 310–311 (5th Cir. 1994); *see also Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).[15] Collateral estoppel thus bars Wright from relitigating whether he "willfully attempted in any manner to evade or defeat such tax" under section 523(a)(1)(C). The United States has thus conclusively established by its summary judgment evidence that the unpaid income taxes, penalties and interest for the tax year 1987, 1988, 1992, and 1993, to the extent not paid from the bankruptcy estate, are nondischargeable as a matter of law. *See* 11 U.S.C. § 523(a)(1)(C).

## CONCLUSION

Based on the foregoing analysis, the United States' Motion for Summary Judgment should be granted, and the debtor's Cross–Motion for Summary Judgment should be denied. Judgment will be rendered in favor of the United States that

(1) Franklin Y. Wright's unpaid federal income taxes and interest for the tax years 1987, 1988, 1992, 1993, to the

---

**13.** We also note that Wright received more protection in the criminal proceeding than he would in this proceeding in that the criminal trial required the jury to find "beyond a reasonable doubt" that Wright acted willfully to evade his taxes. Thus, the Government's burden in the criminal trial was higher than it would be in the present trial.

**14.** Not only are the legal issues raised in the present case virtually identical to those decid-

ed in the criminal proceeding, the controlling facts are also identical. *See Hibernia Nat. Bank in New Orleans v. United States*, 740 F.2d 382, 387 (5th Cir.1984), *citing Commissioner v. Sunnen*, 333 U.S. 591, 599–600, 68 S.Ct. 715, 720, 92 L.Ed. 898 (1948).

**15.** If anything, it would be highly inappropriate to permit someone convicted of tax evasion to relitigate the question whether he willfully attempted to evade or defeat the tax.

extent not paid from the bankruptcy estate, are nondischargeable;

(2) Franklin Y. Wright's unpaid federal income taxes, penalties and interest for the tax years 1994, 1995, 1996, to the extent not paid from the bankruptcy estate, are nondischargeable;

(3) Franklin Y. Wright's unpaid federal income taxes, penalties and interest for the tax year 1997, to the extent not paid from the bankruptcy estate, are nondischargeable.