# UNITED STATES *v.* INTERNATIONAL BUILDING CO.

No. 508.   Argued April 8, 1953.—Decided May 4, 1953.

*Philip Elman* argued the cause for the United States. With him on the brief were *Acting Solicitor General Stern, Assistant Attorney General Holland, Ellis N. Slack, Lee A. Jackson* and *Cecelia H. Goetz.*

*Malcolm I. Frank* argued the cause for respondent. With him on the brief was *Irl B. Rosenblum.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Respondent, a Missouri corporation, owns a leasehold of a plot of ground together with an office building erected on it. In 1942 the Commissioner assessed deficiencies against respondent for the taxable years 1933, 1938, and 1939, determining that it had claimed an excessive value as its basis for depreciating the property. These deficiencies were predicated on a basis of $385,000 amortized over the life of the lease. Respondent, who claimed a base of $860,000 amortized over a shorter period, filed petitions for review with the Tax Court. Meanwhile respondent filed a petition under ch. X of the Bankruptcy Act which ended in a confirmed plan of reorganization. Although the Collector filed proof of claim for the deficiencies in those proceedings, he later withdrew the claim under a stipulation that the withdrawal was "without prejudice" and did not constitute a determination of or prejudice the rights of the United States to any taxes with respect to any year other than those involved in the claim. Shortly thereafter respondent and the Commissioner filed stipulations in the pending Tax Court proceedings stating that "there is no deficiency in Federal income tax due" from respondent for the taxable years in question, that the tax liability for each of the years was nil, and that the jeopardy assess-

ment was abated.* The Tax Court, pursuant to the stipulation, entered formal decisions that there were no deficiencies for the taxable years in question. The Tax Court, however, held no hearing; no stipulations of fact were entered into; no briefs were filed or argument had. The issue as to the correctness of the basis of depreciation used by respondent was, however, the basis of its appeal to the Tax Court. And so, when the Commissioner in 1948 assessed deficiencies for the years 1943, 1944, and 1945, challenging once more the correctness of the basis of depreciation, respondent paid the deficiencies and brought this suit to recover, alleging *inter alia* that the decisions of the Tax Court for the years 1933, 1938, and 1939 were *res judicata* of the fact that the basis for depreciation was $860,000. The District Court held against respondent. 97 F. Supp. 595. The Court of Appeals reversed. 199 F. 2d 12. Because of a conflict between that decision and *Trapp* v. *United States,* 177 F. 2d 1, decided by the Court of Appeals for the Tenth Circuit, we granted certiorari. 344 U. S. 927.

The governing principle is stated in *Cromwell* v. *County of Sac,* 94 U. S. 351, 352–353. A judgment is an absolute bar to a subsequent action on the same claim.

"But where the second action between the same parties is upon a different claim or demand, the

*The stipulation for the year 1933, which is typical, reads as follows:

"It is hereby stipulated that there is no deficiency in Federal income tax due from the petitioner for the taxable year 1933 and that the following statement shows the petitioner's Federal income tax liability for the taxable year 1933:

"Tax liability................................... None
"Assessment (Jeopardy):
  "January 23, 1942 (not paid).................. $2,188.12

"Assessment to be abated........................ $2,188.12"

judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

And see *Tait* v. *Western Md. R. Co.*, 289 U. S. 620, 623; *Mercoid Corp.* v. *Mid-Continent Co.*, 320 U. S. 661, 671; *Commissioner* v. *Sunnen*, 333 U. S. 591, 597–598. Estoppel by judgment, or collateral estoppel as it is often called, is applicable in the federal income tax field. *Tait* v. *Western Md. R. Co.*, *supra*, at 624; *Commissioner* v. *Sunnen, supra*, at 598.

We conclude that the decisions entered by the Tax Court for the years 1933, 1938, and 1939 were only a *pro forma* acceptance by the Tax Court of an agreement between the parties to settle their controversy for reasons undisclosed. There is no showing either in the record or by extrinsic evidence (see *Russell* v. *Place*, 94 U. S. 606, 608) that the issues raised by the pleadings were submitted to the Tax Court for determination or determined by that court. They may or may not have been agreed upon by the parties. Perhaps, as the Court of Appeals inferred, the parties did agree on the basis for depreciation. Perhaps the settlement was made for a different reason, for some exigency arising out of the bankruptcy proceeding. As the case reaches us, we are unable to tell whether the agreement of the parties was based on the merits or on some collateral consideration.

Certainly the judgments entered are *res judicata* of the tax claims for the years 1933, 1938 and 1939, whether or not the basis of the agreements on which they rest reached the merits. But unless we can say that they were an adjudication of the merits, the doctrine of estoppel by judgment would serve an unjust cause: it would become a device by which a decision not shown to be on the merits would forever foreclose inquiry into the merits. Estoppel by judgment includes matters in a second proceeding which were actually presented and determined in an earlier suit. See *Commissioner* v. *Sunnen, supra,* at 598. A judgment entered with the consent of the parties may involve a determination of questions of fact and law by the court. But unless a showing is made that that was the case, the judgment has no greater dignity, so far as collateral estoppel is concerned, than any judgment entered only as a compromise of the parties.

*Reversed.*