UNITED STATES of America, Plaintiff,

v.

Lillian WINTNER, and Alexander Brien, Administrator of the Estate of Alex S. Wintner, deceased, Defendants.

Civ. A. No. 35830.

United States District Court
N. D. Ohio, E. D.

Dec. 8, 1961.

Merle McCurdy, U. S. Atty., Cleveland, Ohio, for plaintiff.

Richard Katcher and Herbert B. Levine, Cleveland, Ohio, Ulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, of counsel, for defendants.

KALBFLEISCH, District Judge.

This is an action pursuant to 26 U.S.C.A. §§ 7401 and 7403, to enforce income tax liens on the cash surrender values of certain life insurance policies of the taxpayer, the proceeds of the policies having been paid to the defendant, Lillian Wintner, widow of the taxpayer. As there was no evidence suggesting the liability of Alexander Brien, Administrator of Wintner's estate, when the term "defendant" is used herein it shall include only Mrs. Wintner. The case was submitted to the Court for decision on an agreed stipulation of facts following oral argument and the submission of briefs by plaintiff and defendant, Mrs. Wintner.

This Court has jurisdiction of this case under 28 U.S.C.A. §§ 1340 and 1345.

These are the salient facts as set forth in the stipulation: The taxpayer, Alex S. Wintner, filed a federal income tax return for the year 1946 reporting a tax liability of $35,243.53, but paid therewith only the amount of $243.53. On April 21, 1947, the Commissioner made an assessment against Wintner in the amount of $35,000 with respect to his unpaid 1946 income tax liability and certified the assessment to the Collector of Internal Revenue at Cleveland, Ohio, who, in turn, gave notice thereof to Wintner on that date. Thereafter, from time to time, payments were made on Wintner's 1946 tax so that as of May 12, 1960, his liability had been reduced to $8,034.04, plus interest. No notice of tax lien was ever filed in accordance with State law.

When Wintner died on June 8, 1954, his life was insured under eight policies, each of which named his wife, the defendant herein, as beneficiary. The face amounts of the policies totalled $87,500 and the cash surrender values of the policies as of the date of Wintner's death amounted to $34,503.85. At the time of his death, Wintner was indebted to the Union Bank of Commerce Company, Cleveland, Ohio, in the amount of $34,000 for sums he had borrowed at various times prior to his death. On December 13, 1948, Wintner had assigned to the bank each of the eight life insurance policies as collateral security for payment of his indebtedness.

On June 21, 1954, the Columbus Mutual Life Insurance Company paid $34,000 to the Union Bank of Commerce out of the $40,000 in life insurance policies it had issued on Wintner's life, said payment to the bank being in full satisfaction of Wintner's indebtedness. The balance of the Columbus Mutual policies was paid to the defendant. Shortly

thereafter the bank executed releases of the assignments of the policies.

Copies of the eight life insurance policies, together with the respective assignments to the bank, are included in the stipulation as exhibits.

At all times relevant herein, Wintner was domiciled in and a resident of the State of Ohio. At various times from 1948 to 1952, Wintner submitted to the Commissioner offers in compromise of his tax liability, which offers included waivers of the statutory period of limitations. The compromise offers are included in the stipulation as Exhibits K, L, M and N.

On May 22, 1956, the defendant filed a petition in the Tax Court of the United States seeking a redetermination of a deficiency asserted against her as transferee of assets of Alex S. Wintner for the amount representing the balance due on his 1946 income tax. (Ex. P.)

Defendant contends that the present action is barred by *res judicata*, that no lien ever arose which the Government may enforce in this action, and that, in any event, the cash surrender values of the policies were exhausted in satisfying taxpayer's debts to the bank.

### 1. Res Judicata.

In Case No. 62478 in the Tax Court of the United States, where Mrs. Wintner, the defendant herein, was the petitioner, the Court held, upon written stipulation of counsel, that there was "no liability due from petitioner under Section 311 of the Internal Revenue Code of 1939, as transferee of assets of Alex S. Wintner, deceased, for income taxes due for the taxable year 1946." (Ex. Q.)

In this case we have a petition to enforce an alleged lien by the United States on the cash surrender values of Wintner's life insurance policies, the proceeds of which are now in the hands of Mrs. Wintner. While, as defendant contends, both in this case and in the Tax Court proceeding "the parties are the same, the amount sought to be recovered is the same, the taxable year which is involved is the same (1946), and all of the facts

which the Government must prove in order to maintain its action in both cases are substantially the same," (Brief, p. 4) neither *res judicata*, estoppel by judgment, nor collateral estoppel constitutes a bar to this action. The Commissioner's answer in the Tax Court case alleged that the taxpayer had died insolvent owing some $11,000 in taxes, that Mrs. Wintner had received proceeds from his life insurance policies in the amount of $53,500, and that receipt of such proceeds rendered the estate unable to satisfy the tax liability. In the case now under consideration, the Government alleges the tax liability of Alex S. Wintner for the year 1946 and claims that a lien therefor was in effect at the time of his death on the cash surrender values of his life insurance policies, which assets have been paid to the defendant. Clearly, different causes of action are involved, the Tax Court case having been an attempt to hold Mrs. Wintner personally liable as a transferee, while the present case is an effort to realize an alleged lien on the taxpayer's property. In neither case was the tax liability of Alex S. Wintner an issue. Being different causes of action, *res judicata* does not apply and therefore the Tax Court judgment is not binding as to matters which might have been offered to sustain or defeat the claim. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898. Nor is this action defeated by the principle of collateral estoppel or estoppel by judgment since it does not involve matters which were controverted and determined in the Tax Court. (Id. 598, 68 S.Ct. 715.) United States v. International Building Co., 345 U.S. 502, 505, 73 S.Ct. 807, 97 L.Ed. 1182.

### 2. Applicability of Lien Statute.

Section 3670 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3670 provides:

*"Property subject to lien*

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, addi-

tional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

It is defendant's contention that the foregoing statute is inapplicable because by paying $243.53 upon the filing of his return and thereafter, from time to time, making other payments the taxpayer did not neglect or refuse to pay his tax.

In United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135, wherein the Government was seeking to collect taxes for the years 1945 and 1946, a similar argument was advanced. The taxpayer had made some payments on his 1945 tax but none for 1946. However, inasmuch as the claimed lien was against a fund which was insufficient to cover even the tax for the year 1946, on which no payments had been made, the Court found that "the requisite neglect or refusal was plainly established as to the 1946 delinquency" (Id. 55, 78 S.Ct. 1057) and that it was unnecessary to further interpret the phrase "neglects or refuses."

The question left undecided in the Bess case is squarely presented here and, in the Court's judgment, the statute clearly and unequivocally provides that a failure to pay the entire amount of the tax due after demand upon a person liable to pay such tax is a neglect or refusal to pay within the meaning of Section 3670 and a lien attaches as set forth therein.

### 3. Effect of Assignment of Policies.

■ At the time of his death, Alex S. Wintner was indebted to the Union Bank of Commerce in the amount of $34,000 for sums which he had borrowed at various times. On December 13, 1948, Wintner had executed assignments of each of eight life insurance policies to the bank as collateral for his indebtedness. (Stipulation, par. 8, Exhibits C-J, incl.) Wintner's wife, the defendant herein, was named beneficiary in each of the policies. The total face amount of the policies was $87,500 and, upon Wintner's death, a total of $54,542 was paid to defendant (Stipulation, par. 7), the difference between the two amounts representing a payment to the bank to satisfy Wintner's indebtedness. (Stipulation, par. 10.) The total cash surrender value of the policies at the time of Wintner's death was $34,503.85. (Stipulation, par. 7.) Since the Collector never filed the notice of assessment given Wintner on April 21, 1947, we may assume, as defendant contends, that the bank's lien was superior to that of the plaintiff. Defendant argues that the payment of Wintner's debt to the bank after Wintner's death exhausted the total cash surrender value of his policies except $503.85, and therefore that amount is the only sum now subject to the Government's lien. However, defendant ignores the fact that the taxpayer (who had the right to change the beneficiary in each of the eight policies) had assigned not merely the cash surrender values thereof but "all claims, options, privileges, rights, title and interest therein," with certain exceptions not here material, including "the sole right to collect from the Insurer the net proceeds of the Policy when it becomes a claim by death or maturity." (Par. A of Assignment of Life Insurance Policy as Collateral, attached to Exhibits C-J, incl.) The bank therefore would have had the right, if necessary, to exhaust the total face amount of the policies ($87,500) to satisfy Wintner's obligations after his death. Prior to his death, the bank could not have reached the cash surrender values of the policies unless Wintner had defaulted in any of his liabilities to the bank or had failed to pay a premium. (Assignment, par. E-2). The taxpayer's indebtedness to the bank was settled after his death by the payment of the face amounts of the two Columbus Mutual Life Insurance Company policies (Stipulation, par. 10), thus extinguishing the bank's lien.

Thus, during his lifetime and immediately prior to his death, Mr. Wintner had an interest in the cash surrender

values of his policies which he could have realized at any time by first satisfying his obligations to the bank. Wintner's interest or equity in these policies immediately prior to his death, therefore, constituted such "property" or "property rights" within the meaning of 26 U.S. C.A. § 3670, as to which the plaintiff's lien could and did attach. United States v. Bess, 357 U.S. 51, 56, 78 S.Ct. 1054, 2 L.Ed.2d 1135. This interest was transferred to the defendant herein at Wintner's death and the Government's lien "followed the property into her hands." (Id. 59, 78 S.Ct. 1059.)

Furthermore, after the taxpayer's death, the bank had a lien (1) upon the fund which had been represented by the cash surrender values of the policies during his lifetime and (2) upon the excess thereof which went to make up their face values, while the Government had liens only on the cash surrender values, and as

> " * * * the 'proceeds' were large enough to pay both claims, and it is well settled law that, when one creditor has a claim against two funds as security and another creditor has a claim against only one of them, the loan of the first will be marshalled against that fund which is security for his loan only."

United States v. Behrens, 230 F.2d 504, 507 (C.A. 2nd, 1956).

The Court finds no authority for defendant's contention that the insurance proceeds constitute "homestead or other exempt property" (Defendant's Brief, p. 13) and therefore come within the exception to the equitable principle of marshalling of assets or that the application of the principle in this case creates injustice or inequity. On the contrary, the ends of justice require its application here.

Upon consideration of the facts and evidence submitted by stipulation and the briefs and oral arguments of counsel, judgment will be rendered in favor of the United States against Lillian Wintner for the amount of the tax due, plus interest and costs, not to exceed the total cash surrender value of the policies at the time of Mr. Wintner's death.

The complaint against Alexander Brien will be dismissed.

Under paragraph 28 of the stipulation, the parties have agreed to submit a computation of the amount of the judgment to be entered.

This memorandum will constitute findings of fact and conclusions of law as required by Rule 52, Rules of Civil Procedure, 28 U.S.C.A.