**In re Henry Edmund BILLINGSLEY sometimes d/b/a Billingsley Associates, Ann M. Billingsley, Debtors.**

**Thomas S. LAWSON and J. Edward White, Substitute Trustees, Ralph D. Kaiser Company, Inc., Ronald COHEN, Plaintiffs,**

**v.**

**Henry Edmund BILLINGSLEY, Ann M. Billingsley, Defendants.**

**Bankruptcy Nos. 79–00943 G, 79–00944 G.**

United States Bankruptcy Court, D. Maryland.

Oct. 10, 1979.

Charles A. Docter, Washington, D.C., for defendants Henry E. and Ann M. Billingsley.

Richard O. Duvall, Washington, D.C., for plaintiff Ronald Cohen.

John C. Joyce, Hyattsville, Md., for plaintiff Substitute Trustees.

Harry M. Stern, Hyattsville, Md., for plaintiff Ralph D. Kaiser Co., Inc.

STATEMENT OF FACTS AND CONCLUSIONS OF LAW ON BILL OF COMPLAINT FOR RELIEF FROM STAY, FOR AN ORDER DISCLAIMING JURISDICTION BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND OVER REAL ESTATE, AND FOR OTHER RELIEF

GLENN J. GOLDBURN, Bankruptcy Judge.

## STATEMENT OF FACTS

The debtors, husband and wife, defaulted on the lien on their residence and a foreclosure action was instituted in the State Court by the trustees under the Deed of Trust on April 7, 1977. The debtors filed exceptions to the sale but prior to a hearing on the exceptions, the debtors consented to the entry of an Order ratifying the sale on February 2, 1978. The wife executed the consent on behalf of her husband by virtue of a general power of attorney. On June 25, 1978, Henry Billingsley, through counsel, filed a petition to vacate the consent order and attempted to renew the exceptions to the sale.

After an evidentiary hearing in the State Court on December 28, 1978, the Court denied the petition. That Order was appealed to the Maryland Court of Special Appeals and is presently pending. On May 23, 1979, the trustees, under the Deed of Trust, obtained from the State Court, a Writ of Possession of the property which required a supersedeas bond of $250,000.00. The Writ of Possession was appealed and on May 31, 1979, the Maryland Court of Special Appeals dismissed the appeal. The debtors have continued to reside on the property but have not posted the supersedeas bond.

The debtor's Chapter XI petitions were filed on June 1, 1979 and the plaintiffs allege that this Court is without jurisdiction.

## CONCLUSIONS OF LAW

The law is well established that a final judgment on the merits rendered by a Court of competent jurisdiction is conclusive evidence as to the rights of the parties. *U. S. v. International Building Company*, 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed.2d 1182 (1952). There is no question that the Circuit Court for Montgomery County, Maryland was the Court of competent jurisdiction over the debtor's property situated in Montgomery County, Maryland against which a Deed of Trust was filed among the land records of that Court. Since the appeal of the Writ of Possession has been denied, the only appeal pending is from the Order of the State Court denying the petition to vacate the Consent Order which permitted the sale to be ratified. The debtors maintain that a final judgment on the merits has not been rendered because of the pending appeal.

The sale was finally ratified and confirmed by an Order of the State Court entered February 2, 1978. Except for fraud, mistake or irregularity, the Order ratifying the sale became final on March 3, 1978 and the State Court had no revisory power or control thereafter. See Rule 625 a of the Maryland Rules of Practice and Procedure.

Section 311 of the Bankruptcy Act grants this Court exclusive jurisdiction over the debtor and his property. When the decree ratifying the sale became finally enrolled on March 3, 1978, the trustees, by operation of law, were the only parties who could convey any interest in the property formerly owned by the debtors. The bankruptcy petitions were filed over one year later and during that period, no Court issued an Order or Decree vesting title in anyone other than the trustees.

█ The Court concludes that the property which is the subject of the complaint was not property of the debtor when the bankruptcy petitions were filed and therefore, is not subject to the jurisdiction of this Court.

AMENDED STATEMENT OF FACTS AND CONCLUSIONS OF LAW ON BILL OF COMPLAINT FOR RELIEF FROM STAY, FOR AN ORDER DISCLAIMING JURISDICTION BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND OVER REAL ESTATE, AND FOR OTHER RELIEF

STATEMENT OF FACTS

The Statement of Facts and Conclusions of Law filed October 10, 1979 is corrected to show that the Writ of Possession is presently consolidated and pending on appeal with the debtor's appeal from the State Court Order of May 23, 1978. The motion which was denied by the Court of Special Appeals was the debtor's motion to revise the action of the trial Court and for an issuance of stay.

This correction does not affect the Conclusions of Law filed by this Court on October 10, 1979.