**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 1, 2006**

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals*
*For The Fifth Circuit*

No. 06-10479
Summary Calendar

In The Matter Of: CHARLOTTE WYNNE
    Debtor

W. M. FRANKS, JR.; SHANNON ANN LOWE, Administratrix of the
Estate of William Manuel Franks, Jr., Deceased,

                Appellants,

        v.

CHARLOTTE WYNNE,

                Appellee.

Appeal from the United States District Court
For the Northern District of Texas
No. 4:05-CV-00119

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

        W.M. Franks, Jr. appeals the decision of the district court holding that he was not

entitled to enforce his lien against the debtor Charlotte Wynne because the lien was a judicial

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lien that is avoidable under 11 U.S.C. § 522(f)(1)(A).  Because we hold that the district court

erroneously disposed of Frank's arguments, we reverse and remand.

Charlotte Wynne conveyed certain real property by warranty deed to W.M. Franks

on December 12, 1998, and the deed was duly recorded.  Shortly thereafter, Franks paid

certain taxes that were due on the property.  In April of 1999, Franks sued Wynne in Texas

state court for title and possession of the property.  Franks later amended his complaint and

sought to foreclose on a tax lien that allegedly arose from his payment of taxes on the

property.  Wynne and Franks subsequently approved and the court entered an Agreed

Judgment awarding Franks $12,000 plus interest.  The Agreed Judgment was expressly

secured by a lien on the property.  Wynne failed to make the necessary payments on the

judgment and later filed for bankruptcy under Chapter 7.

In the bankruptcy proceedings, Wynne claimed the property as her homestead.  She

invoked 11 U.S.C. § 522(f)(1)(A)[1] and sought to avoid any lien resulting from the Agreed

Judgment on the ground that the lien was a judicial lien that impaired her homestead

exemption.  Section 522(f)(1)(A) provides that "[t]he debtor may avoid the fixing of a lien

on an interest of the debtor in property to the extent that such lien impairs an exemption to

which the debtor would have been entitled . . . if such lien is . . . a judicial lien . . . ."  Franks

argued that his lien is not a judicial lien, but is instead either a statutory tax lien or a security

interest created by agreement.  He claims that since he holds either a statutory lien or a

---

[1]11 U.S.C. § 522(f)(1)(A).

security interest, Wynne cannot avoid the lien under § 522(f)(1)(A) because that statute only allows debtors to avoid *judicial* liens on exempt property. The bankruptcy court held that regardless of the basis or validity of Frank's alleged statutory tax lien, the lien merged into the Agreed Judgement and thereafter became a judicial lien subject to avoidance under § 522(f)(1)(A). The court did not consider Franks's argument that the lien was a consensual security interest.

Franks appealed the bankruptcy court's decision to the district court, and the district court affirmed on other grounds. It held that Franks's alleged statutory tax lien did not merge into the Agreed Judgment, but nevertheless determined that Franks did not have a statutory tax lien because he failed to show that he was subrogated to the taxing authority's lien rights. The court declined to address the merits of Franks's argument that the lien was a consensual security interest, concluding that Franks abandoned this argument in the bankruptcy court. Franks appeals, arguing that (1) res judicata and collateral estoppel prevent the district court from concluding that he does not have a statutory tax lien, (2) he presented evidence showing that he was equitably subrogated to the taxing authority's lien rights, and (3) he did not abandon his argument that the lien was a consensual security interest. When reviewing a bankruptcy court decision, the bankruptcy court's findings of fact are reviewed under the clearly erroneous standard and conclusions of law are reviewed de novo.[2]

We first address Franks's argument that the lien was a statutory tax lien rather than

---

[2]*In re Crowell*, 138 F.3d 1031, 1033 (5th Cir. 1998).

a judicial lien. Although the bankruptcy court did not decide whether Franks's lien was a statutory tax lien, the district court concluded that Franks did not have a statutory tax lien because Franks was not subrogated, either statutorily or equitably, to the taxing authority's lien rights. Franks first argues that res judicata or collateral estoppel precludes the district court from determining that Franks was not subrogated to the lien rights of the taxing authorities because the state court's Agreed Judgment determined that Franks was entitled to subrogation. While agreed judgments are generally entitled to full res judicata effect,[3] the Agreed Judgment in this case says nothing about a tax lien, and there is nothing to indicate that it resolves the *merits* of Franks's underlying tax lien claim. Because the Agreed Judgment does not appear to resolve the merits of Franks's tax lien claim, res judicata and collateral estoppel do not apply.[4]

Franks also argues that he is equitably subrogated to the tax lien under certain principles embodied in Texas case law. Under Texas law, "a limited right to equitable subrogation of [a tax lien] may arise in accordance with certain well-established rules of law,"[5] but a mere "volunteer" is not entitled to equitable subrogation to the rights of a lien

---

[3]*United States v. Shanbaum*, 10 F.3d 305, 313 (5th Cir. 1994).

[4]*See Liberto v. D.F. Stauffer Biscuit Co., Inc.*, 441 F.3d 318, 326 (5th Cir. 2006) ("Res judicata applies only where . . . the prior action resulted in a final judgment on the merits[.]"); *cf. United States v. Int'l Bldg. Co.*, 345 U.S. 502, 505-06 (1953) ("As the case reaches us, we are unable to tell whether the agreement of the parties was based on the merits or on some collateral consideration. . . .[U]nless we can say that [the agreed judgment was] an adjudication of the merits, the doctrine of estoppel by judgment would . . . become a device by which a decision not shown to be on the merits would forever foreclose inquiry into the merits.").

[5]*Smart v. Tower Land & Inv. Co.*, 597 S.W.2d 333, 338 (Tex. 1980).

4

holder.[6]  A "volunteer" in this context is "one who, in no event resulting from the existing state of affairs, can become liable for the debt, and whose property is not charged with the payment thereof and cannot be sold therefor."[7]

The district court found that because there was no evidence that he was anything other than a volunteer, Franks could not be subrograted to the taxing authority's lien rights. However, Franks submitted documentary evidence showing that Wynne had conveyed the property to him by warranty deed and that the deed had been duly recorded.  There was evidence that at the time Franks paid the taxes on the property he was the record owner. Although Franks was not personally liable for the taxes assessed on his property before he became the owner,[8] he took possession of the property subject to the lien.[9]  The fact that Franks paid the taxes that encumbered his own property is evidence that he did not act as a mere volunteer.  The district court's contrary conclusion is erroneous.

We now address Franks's argument that the Agreed Judgment constitutes a consensual security interest, rather than a judicial lien.  The district court, relying on *Fehlhaber v. Fehlhaber*,[10] determined that Franks abandoned this argument in bankruptcy court because he "wholly ignored" the argument in his trial brief and failed to seek a ruling on the issue

---

[6]*See Verschoyle v. Holifield*, 123 S.W.2d 878, 881 (Tex. 1939).

[7]*Id.* (emphasis removed).

[8]*See* TEX. TAX CODE ANN. § 32.07(a) (2001).

[9]*Franz v. Katy I.S.D.*, 35 S.W.3d 749, 754 (Tex. App.–Houston [1st Dist.] 2000).

[10]681 F.2d 1015, 1030 (5th Cir. Unit B 1982).

from the bankruptcy court. We disagree.

Franks raised his argument in both his pleadings and at the hearing on the judicial lien issue. Franks came to the hearing prepared to argue but also submitted a trial brief on some of the issues, despite having no obligation to do so. Franks was not required to include all of his arguments in this trial brief, and his failure to do so does not constitute abandonment. While Franks could have argued the consensual security interest issue more forcefully at trial, he raised the argument in his pleadings and at the hearing to such a degree that the bankruptcy court was adequately informed of the argument and could rule on it.[11] Moreover, the district court erred to the extent it concluded that Franks's failure to seek an explicit ruling on his consensual security interest argument constituted an abandonment of the argument. Franks was not required to seek any determination on his consensual security interest argument in order to preserve it for appeal. Since the bankruptcy court's final judgment is couched in terms that appear to resolve all the issues, it implicitly denied Franks's consensual security interest argument despite not expressly addressing it.[12] Franks's failure to seek an explicit determination on the issue does not constitute an abandonment of the argument. The district court should have addressed its merits.

For the foregoing reasons, we REVERSE the district court's order and REMAND this case to the district court for further proceedings consistent with this opinion.

---

[11]*See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 n.4 (5th Cir. 1996).

[12]*See Moreau v. Harris County*, 158 F.3d 241, 244 (5th Cir. 1998), *aff'd* 529 U.S. 576 (2000).

6