T.C. Memo. 2013-256

UNITED STATES TAX COURT

JOHN FRANCIS BARRETT AND CAROL BARRETT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1576-12L.                    Filed November 12, 2013.

Jeffrey D. Moffatt, for petitioners.

Fred Edward Green, Jr., for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  This case was commenced in response to a notice of
determination concerning collection action(s) under section 6320 and/or 6330 that
sustained a levy to collect petitioners' unpaid Federal income tax liabilities for
2002 and 2009.  The issue for decision is whether collateral estoppel effect should

[*2] be given to decisions in earlier cases determining that different taxes for different years were "currently not collectible" and, if not, whether the determination was an abuse of discretion. All section references are to the Internal Revenue Code in effect at all relevant times.

All of the material facts are contained in the administrative record of the exchanges between petitioners' counsel and the Appeals Office. That record has been stipulated. The stipulated facts are incorporated in this opinion by this reference. Brief testimony by John Francis Barrett (petitioner) and certain exhibits were offered at trial and were treated as an offer of proof. Because they were not brought to the attention of the Appeals Office during the administrative hearing and petitioners have not suggested any exception to the general rule that such material may not be considered, respondent's objections to the proferred testimony and extraneous exhibits will be sustained. See Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002).

## FINDINGS OF FACT

Petitioners resided in California when they filed their petition. Petitioner was a party to four previous cases in this Court involving his liabilities for unpaid employment taxes and related penalties. Those cases were docket Nos. 29261-07L, 22946-08L, 30320-08L, and 30321-08L (employment tax cases). Petitioner

[*3] Carol Barrett was not a party to the employment tax cases. The petition in docket No. 29261-07L erroneously referred to a notice of deficiency and income tax as well as periods for unpaid employment taxes that were not the subject of the notice of determination upon which that case was based. The erroneous references were stricken by Court order. None of the employment tax cases was commenced in response to a notice of determination regarding petitioners' joint income tax liabilities. No decision was or could have been rendered in those cases with respect to petitioners' joint income tax liabilities.

After the employment tax cases were set for trial, on the joint motion of the parties they were remanded to the Appeals Office for further consideration. From February 16 to November 18, 2010, the parties to the employment tax cases negotiated a settlement. On December 29, 2010, those cases were resolved by agreement of the parties, and stipulated decisions were entered providing for abatement of certain penalties. These decisions stated that "[t]he balance of the unpaid underlying liabilities for Form 941 employment tax liabilities * * * [for the quarterly periods in issue] will be placed in a Currently Not Collectible status due to the petitioner's financial hardship." The agreed balances of the unpaid employment tax liabilities totaled $84,110.

**[*4]** On April 21, 2011, the Internal Revenue Service (IRS) sent petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (April 21, 2011, notice) with respect to unpaid income tax liabilities for 2002 and 2009. As of the date of the notice, the assessed account balance for those two years was $9,845.18.

On May 3, 2011, petitioners filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, in response to the April 21, 2011, notice. Petitioners did not dispute their underlying tax liabilities for 2002 and 2009.

On September 29, 2011, an Appeals account resolution specialist (AARS) sent to petitioners a letter scheduling a telephone conference call in response to their request for a hearing. The letter advised petitioners of their right to a full hearing but stated: "In order to meet the requirements for a face-to-face conference, you must be in full compliance of all required tax returns, estimated tax payments/federal tax deposits and submit financial information." The letter proposed "a streamline installment agreement (IA) in the amount of $340.00, due on the 28th of each month beginning on November 28, 2011" and stated: "If you are unable to pay this amount please complete and return the enclosed Form 433-A [Collection Information Statement for Wage Earners and Self-Employed Individuals]". Petitioners' counsel responded to the September 29, 2011, letter

[*5] with copies of materials from the employment tax cases and requested that the joint income tax liabilities of petitioners be deemed uncollectible and that penalties be abated based upon the decisions in the employment tax cases.

During a telephonic hearing on November 8, 2011, petitioners' counsel asserted that the decisions in the employment tax cases included petitioners' personal income tax liabilities; that res judicata established that the income tax liabilities were currently not collectible; and that res judicata negated the requirement to submit updated or additional information regarding the status of petitioners' liabilities as currently not collectible. The AARS advised petitioners' counsel that, pursuant to the Internal Revenue Manual, updated financial information was required to determine whether petitioners qualified for currently not collectible status. Petitioners declined the streamline installment agreement that the AARS proposed, and they declined to provide any updated financial information. They did not propose an installment agreement or offer-in-compromise at any time during the administrative process. They did not state with specificity any facts or grounds adequate to raise an issue of abatement of income tax penalties.

Petitioners' case was transferred to an Appeals settlement officer for disposition. The settlement officer researched the employment tax cases and

**[\*6]** determined that petitioners' income tax liabilities were not included in the decisions. The settlement officer verified that the requirements of all applicable laws and administrative procedures had been met. On December 23, 2011, the Appeals Office issued the notice of determination sustaining the proposed levy.

OPINION

Section 6330 provides for notice and an opportunity for a hearing before a levy proposed by the IRS to collect unpaid taxes may proceed. Under section 6330(c)(2)(A), a taxpayer may raise any relevant issue at a hearing, including "challenges to the appropriateness of collection actions", and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." A taxpayer is expected to provide all relevant information requested by the Appeals Office for its consideration of the facts and issues involved in the hearing. See sec. 301.6330-1(e)(1), Proced. & Admin. Regs. Such information is especially necessary when the proposed collection alternative is to have collection suspended on the ground that the liabilities are "currently not collectible". See Pitts v. Commissioner, T.C. Memo. 2010-101, slip op. at 18. Where there is no dispute as to the underlying liabilities, we review the actions of the Appeals Office, including that Office's interpretation of law, for abuse of discretion. See Weber v.

**[*7]** Commissioner, 138 T.C. 348, 355 (2012); Swanson v. Commissioner, 121 T.C. 111, 119 (2003).

Petitioners have not disputed their underlying liabilities or that the Appeals Office performed the necessary verification under section 6330(c)(1). Throughout the administrative process and during this case, petitioners have relied solely on their view of res judicata, even though neither the parties nor the liabilities in the employment tax cases were the same as those in this case and relevant facts would have changed with the passage of time. Currently not collectible is by definition a status subject to reevaluation. Petitioners refused to provide the information required for reevaluation of their ability to pay, by installments or otherwise, the liabilities for income tax for 2002 and 2009 that were a fraction (less than 12%) of petitioner's unpaid employment tax liabilities. Meanwhile, a year passed between the settlement of the employment tax cases and the issuance of the notice of determination in this case.

Moreover, petitioners do not recognize the distinction between res judicata and collateral estoppel. As this Court recently explained in Koprowski v. Commissioner, 138 T.C. 54, 59-62 (2012) (citing, among other cases, Allen v. McCurry, 449 U.S. 90, 94 (1980)), res judicata applies to a final judgment on the merits of an action and precludes relitigation of issues that were or could have

[*8] been raised in that action. Petitioners' joint income tax liabilities for 2002 and 2009 were not and could not have been raised in cases involving petitioner's employment tax liabilities for various quarterly periods. Res judicata does not apply to the circumstances here.

Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the same issue in a suit on a different cause of action. Collateral estoppel precludes relitigation not only in connection with the cause of action previously litigated but even in connection with different claims or causes of action. Id. at 61.

For collateral estoppel to apply to an issue, among other things the issue to be decided in the second case must be identical to the issue decided in the first case; the parties must have actually litigated the issue and the resolution of the issue must have been essential to the prior decision; and the controlling facts and legal principles must remain unchanged. Hi-Q Pers., Inc. v. Commissioner, 132 T.C. 279, 289 (2009); Monahan v. Commissioner, 109 T.C. 235, 240 (1997). Unlike res judicata, which binds the parties as to any matter that might have been offered, collateral estoppel applies only to issues that were actually litigated in the first case. Koprowski v. Commissioner, 138 T.C. at 61. "The rule of collateral

**[\*9]** estoppel provides that '[w]hen an issue of fact or law is <u>actually litigated</u> and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" <u>Id.</u> at 61-62 (emphasis added in <u>Koprowski</u>) (quoting 1 Restatement, Judgments 2d, sec. 27 (1982)).

Collateral estoppel does not apply to the circumstances here. A well-established principle is that the Commissioner may challenge in a succeeding year what was accepted in a previous year. <u>See</u> <u>Auto Club of Mich. v. Commissioner</u>, 353 U.S. 180, 183-184 (1957); <u>Demirjian v. Commissioner</u>, 457 F.2d 1, 6-7 (3d Cir. 1972), <u>aff'g</u> 54 T.C. 1691 (1970). Petitioner's employment tax cases were not actually litigated; they were settled. In <u>United States v. Int'l Bldg. Co.</u>, 345 U.S. 502 (1953), the Supreme Court held that the Government was not collaterally estopped from rearguing a position it had conceded in a previous year, even if the concession was the basis of a court decision. The Supreme Court concluded that the Government's position had not been fully litigated in the earlier proceeding and that the prior decision of this Court based on the Government's concession was "only a pro forma acceptance by the Tax Court of an agreement between the parties to settle their controversy for reasons undisclosed." <u>Id.</u> at 505. The Supreme Court's rationale and holding apply equally to this case. <u>See also</u> <u>Sawyer</u>

[*10] <u>Trust of May 1992 v. Commissioner</u>, 133 T.C. 60, 79-81 (2009); <u>Massaglia v. Commissioner</u>, 33 T.C. 379, 386 (1959), <u>aff'd</u>, 286 F.2d 258 (10th Cir. 1961); <u>Rodkey v. Commissioner</u>, T.C. Memo. 2009-238.

Petitioners' reliance on the doctrines of res judicata and collateral estoppel, during the administrative proceedings and in this case, has no support in the facts or the law, and the Appeals Office representatives were correct in rejecting it. Petitioners refused to provide updated financial information that was appropriately requested, rejected the installment agreement offered by the Appeals Office, and offered no other collection alternative. Under these circumstances, there was no abuse of discretion in the determination to sustain the proposed collection action. <u>See</u> <u>Kendricks v. Commissioner</u>, 124 T.C. 69, 79 (2005); <u>Wright v. Commissioner</u>, T.C. Memo. 2012-24; <u>Schmerman v. Commissioner</u>, T.C. Memo. 2010-135; <u>Pitts v. Commissioner</u>, T.C. Memo. 2010-101.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.