**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2743
_____

DANIEL CONCEICAO,
                              Appellant

v.

NATIONAL WATER MAIN CLEANING COMPANY;
CARYLON CORPORATION

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:14-cv-05146)
District Judge:  Honorable William J. Martini

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2016
Before:  JORDAN, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 25, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Daniel Conceicao appeals from the order of the District Court dismissing his civil action. We will affirm.

In August 2014, Appellant filed in the District Court a complaint against Defendants National Water Main Cleaning Company (NWMCC) and Carylon Corporation (Carylon) alleging that they had engaged in unlawful wage payment practices.[1] Appellant had been an employee of NWMCC from 2005 until 2011. The Defendants, citing Rule 12(b)(6) of the Federal Rules of Civil Procedure, moved to dismiss the complaint on the basis of res judicata because the issues that Appellant raised had already been litigated in the District Court as part of a class action lawsuit, see Mulroy v. Nat'l Water Main Cleaning Co. of NJ, 2014 WL 7051778 (D.N.J. Dec. 12, 2014) (not precedential). The District Court granted the motion to dismiss, determining that the action was barred by the doctrine of claim preclusion. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision to grant the motion to dismiss. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." Anjelino v. N.Y. Times Co., 200 F.3d 73, 88 (3d Cir. 1999). The defense of claim preclusion, however, may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary

---

[1] Carylon is NWMCC's parent company.

for the decision.  Cf. Connelly Found. v. Sch. Dist. of Haverford Twp., 461 F.2d 495, 496 (3d Cir. 1972) (per curiam) (res judicata may be raised in motion to dismiss prior to answer).  Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties.  See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988).  Having carefully reviewed the record in this case and the parties' submissions, we agree with the District Court's determination.

"Claim preclusion and issue preclusion are the currently accepted terms for two different applications of the doctrine of res judicata."  Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 961 n.1 (3d Cir. 1991).  For claim preclusion, a defendant must show that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  Id. at 963.  The plaintiff is required to "present in one suit all claims for relief that he may have arising out of the same transaction or occurrence."  Id. (quoting United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984),).  Additionally, the identity of the cause of action refers not only to claims actually litigated, but to those that could have been litigated in the earlier suit if they arise from the same underlying transaction or events.  Id. at 964.  Settlement agreements generally involve claim preclusion, not issue preclusion.  See Arizona v. California, 530 U.S. 392, 414 (2000); United States v. Int'l Bldg. Co., 345 U.S. 502, 505-06 (1953).  Judicially approved settlement agreements are

considered final judgments on the merits for the purposes of claim preclusion. <u>See, e.g.</u>, <u>Langton v. Hogan</u>, 71 F.3d 930, 935 (1st Cir. 1995).

The District Court correctly dismissed Appellant's complaint on the basis of claim preclusion. First, the Court's final approval of the <u>Mulroy</u> settlement satisfies the first criterion. Second, the parties here are the same parties to the previous action. Appellant does not dispute that he was a class member in the previous litigation and that he did not opt-out of the settlement. <u>See</u> <u>Mulroy</u>, 2014 WL 7051778, at *6. Indeed, he was actively involved in the previous litigation when he became the lone objector to the proposed settlement. <u>See</u> <u>id.</u> at *1-2.[2]

Third, as the District Court concluded, an examination of both the prior litigation and the complaint here reveals that the factual underpinnings, the theory of the action, and the relief sought, are the same as those previously resolved. Appellant, in his complaint, alleges that NWMCC engaged in unfair payment practices and seeks relief under the New Jersey Prevailing Wage Act, the Fair Labor Standards Act, the Davis Bacon Act, and the McNamara-O'Hara Service Contract Act. Notably, however, under the terms of the <u>Mulroy</u> settlement agreement, Appellant (along with the other members of the class) explicitly released all future claims arising under those Acts. Additionally, the facts underpinning Appellant's current action are substantially similar (if not

---

[2] In <u>Mulroy</u>, the District Court overruled Appellant's objection to the notice of settlement that had been sent to the class members and approved the settlement agreement. The District Court also determined that Appellant's objection to the notice of settlement could

4

identical) to those presented in <u>Mulroy</u>. Indeed, he complains of the same wrongful wage practices considered in that case and raised in his objections to the proposed settlement. Likewise, the theory of recovery is the same. Therefore, because the present action is premised upon the same "cause of action" as the prior lawsuit between the parties, which led to the agreement between them, the current action is barred by the doctrine of claim preclusion.

Accordingly, we will affirm the judgment of the District Court.[3]

---

not function as a formal opt-out request. <u>Mulroy</u>, 2014 WL 7051778 at *6.

[3] Appellant's motion to supplement the record, which we construe as a motion to expand the record, is granted.